Stephens, Adm'r, v. The Mayor of Booneville.

JOSEPH L. STEPHENS, ADM'R, &c., Plaintiff in Error, v. THE
MAYOR OF THE CITY OF BOONEVILLE, Defendant in Error.

*Revenue—Domicil.*—The personalty of a deceased is taxable in the domicil
in which he resided at the time of his death, and not in that of his personal representative.

### Error to Cooper Circuit Court.

*Adams*, for plaintiff in error.

I. The City of Booneville has no "jurisdiction over any
property, *except real and personal property within the city.*"

The property to be taxed must have an actual "*situs*"
*within the city*. (See 11th sec. of the Charter, Sess. Acts
1839, p. 297.)

II. The tax authorized by the charter is a tax on property,
and not a tax on persons. It can only be levied or assessed
on specific articles ; that is, such only as have a locality
within the city. Persons residing within the city may own
real or personal property located beyond the limits of the
city, and the fiction that personal property, including choses
in action, or debts, follow the person, does not apply to this
case. The question here is a question of jurisdiction—the
right or power of the city to tax property whose real *situs*
is beyond its limits. In such case fiction gives way to truth,
and the real *situs* can and must be inquired into. (Sto.
Confl. of Laws, § 550; 14 Ill. 163; Mills Exec'r v. Thornton, 16 Ill. 300.)

The question in this case did not arise in the cases referred to by the counsel for respondent—of the City of Lexington v. The Farmers' Bank, and the Town of Paris v. The
Farmers' Bank, 30 Mo.)

*Douglass*, for defendant in error.

The only question presented by the record is as to the
power of the city, under its charter, to assess and collect the
taxes in controversy. The provision of the charter found in
the 11th sec. of charter, approved February 8, 1839, confers

upon the city " power by ordinance to levy and collect taxes upon real and personal property within the city, not exceeding one-half of one per centum upon the assessed value thereof."

In pursuance of this power, the city ordained in an ordinance approved April 1st, 1859, as follows:

" Sec. 2. Immediately upon the election and qualification of the assessor, the register shall deliver to him the assessor's book of the preceding year; whereupon the assessor shall proceed to list and assess all property of every description within the city, which may be subject to taxation by the law then existing, for State and county purposes."

In this case, the bonds and notes upon which the tax was assessed were " *within the city*." This power of taxation is conferred upon cities, in order that they may support their city governments. Their citizens enjoy the protection and privileges of the municipal government. It is right, therefore, that they should contribute to the support of that government.

In this case, the administrator enjoyed the protection of the city government. The assets of the estate were kept safe within its limits, under the city government; then the estate of Davis not only had its property preserved from destruction, to which it was peculiarly liable in such times as these, but it also secured the valuable services of its chosen administrator.

The fact that the debtors are non-residents of the city, cannot alter this principle. (30 Mo. 480, 575.)

BAY, Judge, delivered the opinion of the court.

Without discussing the question as to whether the corporate authorities of the city of Booneville have power under the charter of said city to impose a tax upon bonds, notes, and other securities, owned by persons other than brokers or exchange dealers, upon solvent persons or corporations, it is manifest to us that no such power existed with reference to the notes in controversy.

If these notes had belonged to Stephens in his individual right, the case would have presented a very different aspect. It is true that at common law the legal property in the personal estate of the testator vests on his death in the executor; but it was held by this court in Lessing, Meyers & Co. v. Vertrees, 32 Mo. 431, that under our system of laws he held only a qualified interest in the same; that in point of fact he held the personal effects and choses in action of the decedent as trustee for the creditors and next of kin. They are, moreover, subject to the control and direction of the Probate Court; and if an administrator shall resign, or his letters be revoked, he is required by statute to deliver such effects to his successor.

It appears from the agreeed case that the notes assessed belonged to one Daniel Davis, the plaintiff's intestate, who at the time of his death resided in Cooper county, beyond the corporate limits of Booneville, and were due from persons residing in the counties of Randolph and Howard. It is insisted by the respondent, that because the administrator happened to be a resident of Booneville, and the legal custodian of the notes, the notes became taxable for municipal purposes, upon the theory that they constituted property within the corporate limits of the city. It will be observed that if this theory is correct, then the question as to the power of the authorities of Booneville to impose the tax, depends entirely upon the residence of the person who may be appointed to take charge of and settle up the estate. If Stephens had resided outside of the limits of the city, it is not pretended that the estate could be taxed for such a purpose; why then should the fact of his residing in Booneville subject the estate to a burden which could not otherwise be imposed? For many purposes, movables are deemed in law to have no *situs* except that of the domicil of the owner. In this case Stephens is the mere representative of Davis, and, for the mere purpose of taxation, the *situs* of the notes may well be regarded as at the domicil of the deceased.

We are of opinion, therefore, that the court below should have enjoined the collection of the tax.

Judgment reversed and cause remanded, with instructions to proceed in conformity with this opinion ; the other judges concurring.