THE STATE ex rel. ZIEGENHEIN, Collector, v. McCAUSLAND et al., Appellants.

(Nos. 1 and 2.)

Division Two, February 6, 1900.

Taxation of Personal Property: SITUS. All personal property is assessable and taxable in the county in which the owner resides, it matters not where the property itself actually is. And if the property belongs to minors, and the probate court appoints a curator for them, and they and the curator move from the county, their property is not thereafter taxable in such county, although such probate court may continue to exercise jurisdiction over it until final settlement by the curator of the minors' estate.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow*, Judge.

REVERSED.

*William B. Thompson* and *Ford W. Thompson* for appellants.

(1) The appellants contend that the tax is void as to them, for the reason that at the time the assessment was made they were residing with their mother, the curatrix, in the county of St. Louis, having removed from the city of St. Louis with the intention of making their home in said county of St. Louis, at Clayton. R. S. 1889, sec. 7508. (2) The domicile of a minor is that of the parents during their lifetime, and at their death it is the domicile of the survivor of them at the time of his or her death. De Jarnell v. Harper, 45 Mo. App. 415; Stephens v. Mayor of Boonville, 34 Mo. 323. (3) There are many decisions, both in this and other States, that hold that the personal property of a minor is to be assessed for taxation at the domicile of the ward. Among which are the following: Westchester School District v. Darlington, 38 Pa. St. 157; School District v. James, 2 W. & S. 568; Mason v. Thurber, 1 R. I. 481; Kirkland v. Whately, 4 Allen 462. And there are also many decisions of other States, holding that the property should be assessed at the domicile of the guardian, among which are the following: Payson v. Tufts, 13 Mass. 493; Baldwin v. Fitchburg, 8 Pick. 494; Louisville v. Sherley, 80 Ky. 71. But in the case before the court, this difference of opinion would and could not have even the least effect, since both guardian and wards resided together, both having the same domicile in the same place, namely, the town of Clayton, St. Louis county. In none of the cases *supra*, has it ever been attempted to assess the personal property upon the ground that the jurisdiction

of the probate court fixes the situs for taxation; but the only question about which there ever seemed any controversy was, is the trustee, whether he be an administrator, executor, or guardian, to be assessed at his residence for taxation of this property, and for that purpose to be considered "the owner," or shall it be assessed to the *cestui que trust* as the owner, and hence at his domicile. (4) The following are some authorities in support of the mother's right to change the domicile of the minor children: Guier v. O'Daniel, 1 Binn (Pa.) 449; Cutts v. Haskins, 9 Mass. 543; Holyoke v. Haskins, 5 Pick. (Mass.) 20. (5) Where a tax is imposed upon money at interest, whether it be secured by mortgage or otherwise, it follows the person of the owner, and is taxable to him at his residence. Burrows on Taxation, p. 217.

*E. C. Slevin* for respondent.

(1) The probate court of the city or county in which a guardian or curator is appointed has jurisdiction of the person of the guardian or curator and estate of the ward until final settlement or removal to another jurisdiction. The guardian or curator must be a resident of the county in which the minor resides. Sec. 5281, R. S. 1889. The minor being fourteen years of age, may choose another guardian or curator in the county of the minor's residence. Sec. 5290, R. S. 1889. If in a county other than that in which the appointment was originally made, the court shall order the estate to be transferred. Sec. 5291, R. S. 1889. The curator shall have the care and management of the estate of the minor, subject to the superintending control of the court. Sec. 5297, R. S. 1889. (2) Though under the provisions of sec. 7508, R. S. 1889, personal property is taxed to the owner in his domicile, this provision will not be construed to apply to personal property which is *in custodia legis*. Such property is taxable in the jurisdiction having control of it. Cooley on

Taxation (2 Ed.), p. 375; Burroughs on Taxation, sec. 98; Stephens v. Mayor, 34 Mo. 323; Corn v. Cameron, 19 Mo. App. 580; State v. County Court, 47 Mo. 594; Alvany v. Powell, 2 Jones' Equity 51.

BURGESS, J.—By stipulation between the parties, these two cases are submitted together.

They are for personal back taxes for the year 1891, assessed against the defendants, Mary McCausland and Robert K. McCausland, who were then minors, and their curatrix.

The cases were tried before the court, a jury being waived. Plaintiff recovered judgment in both cases from which defendants appeal.

Briefly stated the facts are, that, prior and up to February, 1888, the defendants Mary and Robert K. McCausland, resided with their mother and father in the city of St. Louis. The father and husband died in that city during that month, immediately after which occurrence Mrs. McCausland, together with her two children Mary and Robert K., moved to St. Louis county, and were residing there on June 1, 1889, and have resided there ever since that time.

The assessment was made by a deputy assessor, whose business it was to look after the assessment of property and money for taxes, against estates, and in the hands of guardians and curators. He testified that about the first of October of every year he went to the assessor's office and would look at the entry of estates and settlements after the time had gone by, and whatever balance he found then he would take and send notice to the various people, and if no responses were made he entered up the assessment against them. And that he pursued the same course in these cases, and reported the valuation of the amount fixed in the tax bills against the minors and curatrix.

The assessor was notified of the removal of the defend-

ants from the city before the assessments in these cases were made.

It was admitted on the trial that at the time of the assessments upon which the taxes were levied which are sued for, Mary McCausland was the curatrix of the minors, Mary Mc-Causland and Robert K. McCausland. She was so appointed by the probate court of the city of St. Louis.

The defendant asked the court to declare the law to be as follows:

"1.  The court is asked to declare the law to be that upon the pleadings and evidence in this case the plaintiff is not entitled to recover.

"2.  The court is asked to declare the law to be that if it finds from the evidence in this case that the defendants were not residents of the city of St. Louis, but were residents of the county of St. Louis, at the time the assessment of taxes sued on was made, then plaintiff is not entitled to recover in this action."

The court refused to declare the law as asked by defendants, and they duly excepted.

Plaintiff predicates his right to recover in these actions upon the fact that at the time of the assessments upon which the taxes in question were levied that the estates of the minors were in process of guardianship in the probate court of the city of St. Louis, and that the jurisdiction of that court fixed the situs for taxation, notwithstanding the evidence may show that at the same time defendants were not in fact residents of that city, but were residents of the county of St. Louis.

By section 7508, Revised Statutes 1889, it is provided that "all personal property of whatsoever nature and character, situate in a county other than the one in which the owner resides, shall be assessed in the county in which such owner resides." That this statute is in accordance with the general rule with respect to such property must be conceded.  In

Stephens, Admr., v. Mayor of Boonville, 34 Mo. 323, it was ruled that the city had no right to tax the personal property in his hands as administrator of a deceased person, who did not reside in the town at the time of his death, although Stephens actually kept the property in town.

The domicile at the time of making the assessment, deter· mines the place of taxation of all property taxable at the place of residence of its owner. [Welty on Assessments, sec. 35 ; Lyman v. Fiske, 17 Pick. 231 ; Mygatt v. Washburn,15 N. Y. 316.]

The same rule applies with respect to the location of the property at that time if it is to be taxed at its situs. [25 Am. and Eng. Ency. of Law, 134.]

Now the evidence shows very conclusively that at the time of the assessment which was in October, 1890, defendants were not residents of the city of St. Louis, but were in fact residents of the county of St. Louis, where they moved some time prior to June, 1889. But plaintiff insists that notwithstanding this fact, the probate court of the city of St. Louis continued to exercise its jurisdiction, and retained control of the fund until final settlement was made, and the fund being in charge of the court its situs was in the city of St. Louis, and taxable there. There might be more force in this argument, but for the statute (7508 *supra*) which expressly provides that all personal property shall be assessed in the county in which the owner resides, in the face of which plaintiff's position seems to us to be untenable.

That the State might make such property taxable at its actual situs, is clear (25 Am. and Eng. Ency. of Law, 134; People ex rel. v. Tax Comrs., 23 N. Y. 224), but instead of doing so it has by statutory enactment made it taxable at the domicile of the owner. It follows that the property was not subject to taxation by the city, and the assessment being without authority, the tribunal making the levy had no jurisdiction to do so, and both the assessment and levy are void.

Our conclusion is that the court erred in refusing to declare the law as asked by defendants, and for its failure to so do, that the judgment should be reversed.    It is so ordered. *Gantt, P. J.,* and *Sherwood, J.,* concur.