## THE STATE ex rel. L. A. KELLY, Collector, v. GEORGE A. SHEPHERD, Appellant.

Division One, March 31, 1909.

1. **TAXATION: Personal Property: Follows Person: School District.** Personal property is taxable at the domicile of the owner and in the school district in which he resides. If he is taxed in the wrong district or county, the taxes are illegally assessed and cannot be enforced.

2. **———: ———: Residence: Definition.** There is no difference at common law or in the Revenue Statute in the meaning of the word "domicile" and "residence." Both mean a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time.

3. **———: ———: ———: Intention: Lodgment: Statute.** The intention of the taxpayer is always to be considered in an endeavor to ascertain what is his residence or domicile and in fixing the place where his personal property should be taxed. The statute (Sec. 4160, R. S. 1899) in saying that "the place where any person having no family shall generally lodge, shall be

deemed the place of residence of such person," did not fix a new meaning to the word "residence" as used in the Revenue Statute, and was not intended to mean that the place where an unmarried man usually sleeps is to be his residence rather than the place where he lives and which he claims as his home or domicile; for that statute also says at the outset that "the construction of all statutes in this State shall be by the following additional rules, unless such construction shall be plainly repugnant to the intention of the Legislature or the context of the same statute," and the court can ascertain the meaning of the revenue statutes as to residence without resorting to that statute, and to permit it to control would be to make it repugnant to the Revenue Statute.

4. ————: ————: ————: **Unmarried Man: Lodging With Parents.** Defendant was an unmarried man and owned a farm in the country, on which was a farm house in which he kept a room, and intended and considered the farm house his home, where he occasionally took a meal with his tenant. His aged parents lived in town, and at the time of the assessment of the taxes sued for and for a number of years prior thereto he lodged at night in their home, going every morning to his farm to look after it and to care for his stock, and his sole reason for lodging with his parents at night was that they were old, sickly and helpless and needed his care and assistance. *Held*, that his personal property was not taxable in the school district of which the town was a part, but in the school district in which his farm was situate, and that holding is in consonance with the Revenue Statute, and that being a clear statute it is not necessary to resort to the "Construction" Statute providing that "the place where any person having no family shall generally lodge shall be deemed the place of residence of such person." This last statute should not be allowed to determine the place of the defendant's residence or domicile.

Transferred from Kansas City Court of Appeals.

REVERSED.

*Frost & Frost* for appellant.

(1) Personal property is taxable at the domicile of the owner, and in the school district in which owner resides or has his domicile. Stephens v. Mayor of Boonville, 34 Mo. 323; State ex rel. v. McCausland, 154

Mo. 189; State ex rel. v. Brown, 172 Mo. 374; School Dist. v. Wickersham, 34 Mo. App. 340. (2) If the tax herein is levied and extended against defendant in the wrong school district then plaintiff cannot recover. State ex rel. v. Railroad, 135 Mo. 630; State ex rel. v. Brown, 172 Mo. 380; State ex rel. v. Railroad, 110 Mo. 265. (3) Under Sec. 9121, R. S. 1899, personal property is taxable at residence of owner; and residence, as used in said section, and in the law generally concerning taxation, is synonymous with domicile. And the tax should in all cases be extended in favor of the school district in which the owner has his domicile. State ex rel. v. Brown, 172 Mo. 384; State ex rel. v. McCausland, 154 Mo. 189; School Dist. v. Matherly, 84 Mo. App. 141; School Dist. v. Matherly, 90 Mo. App. 403; State ex rel. v. Penter, 96 Mo. App. 419; Corn v. City of Cameron, 19 Mo. App. 579; School Dist. v. Wickersham, 34 Mo. App. 340; Burroughs on Taxation, pp. 40 and 215; Cooley on Taxation, pp. 369 and 370. (4) In determination of domicile, intention governs. Defendant's domicile was not changed from his farm located in the School District Number 14 to the Plattsburg School District, by reason of his spending a portion of his time at the home of his parents for the purpose of caring for them, so long as he intended his residence on his farm as his domicile. His temporary or continued residence in Plattsburg for purpose of caring for his parents did not change his domicile so long as he considered and intended the other as his domicile and home. Cooley on Taxation, p. 369; State ex rel. v. Dayton, 77 Mo. 682; Tailor v. Abernathy, 37 Mo. 196; Green v. Beckwith, 38 Mo. 385; Venuici v. Cademarton, 59 Mo. 234; Chariton County v. Moberly, 59 Mo. 238; School Dist. v. Matherly, 84 Mo. App. 141, 90 Mo. App. 403; State ex rel. v. Banta, 71 Mo. App. 32; Langford v. Gebhart, 130 Mo. 639; Hall v. Schoenecke, 128 Mo. 661; State v. Sanders, 106 Mo. 188. (5) Section 4160 has existed since 1865, and applies

and relates to the service of process, so that the service of process may be had by leaving it with some white member of the family over the age of fifteen years, where the defendant may be absent from home, and the place to make the service is pointed out by a subdivision of said section of the statute to be when the defendant has a family, the place where his family shall permanently reside, and in case of single person, where he "shall generally lodge." Phillips v. Evans, 64 Mo. 24; Venuici v. Cademarton, 59 Mo. 354. Intention governs in case of single person the same as in other cases, as in case of student. Hall v. Schoenecke, 128 Mo. 661; Langford v. Gebhart, 130 Mo. 639.

*F. B. Ellis* for respondent.

(1) If appellant usually lodged in Plattsburg, being a single man, that was his residence under the cold letter of the law, regardless of his intentions, and this being the case he was rightfully assessed in Plattsburg School district. Sec. 4160, R. S. 1899; Phillips v. Evans, 64 Mo. 24; Mercantile Co. v. Burrill Sisters, 66 Mo. App. 117. A man's domicile or usual place of abode means his home from which he goes and returns daily, weekly or habitually from his ordinary avocation and business wherever carried on. Green v. Beckwith, 38 Mo. 387. If this definition be correct, it clearly catches defendant; he cannot escape, and the learned trial judge rightly held his residence was Plattsburg; he will not be permitted to escape the just burdens of taxation by such flimsy pretexts. "Residence" is personal presence in a fixed and permanent abode, the abode where one actually lives. Bouv. Law Dict., 904. (2) Defendant cannot attack the assessor's list in a collateral proceeding. The assessor acts quasi-judicially; his conduct can only be attacked in a direct proceeding. Hamilton v. Rosenblatte, 8 Mo. App. 237. This court has recently held that the proceedings of the board of

equalization were judicial and could not be collaterally attacked. We think this true of an assessor's list who arbitrarily places the list wrongfully. Gottlieb v. Tel. Co., 165 Mo. 502. The law presumes that all officers do their duty. It was the duty of the assessor to call upon defendant and assess him where he resides; the presumption is he did so, and that he acted within the law. Agan v. Shannon, 103 Mo. 661; State ex rel. v. Bank, 120 Mo. 161. If defendant had been wronged by the assessor he should have made a direct attack upon the assessment. The assessor certainly has some rights in this controversy. How could he defend, or how could the collector defend on this collateral attack, as the assessment list was fair and legal according to law? (3) The cases cited by counsel for appellant on the question of intention are not in point; in all of these cases it was where the residence was temporary for either business or pleasure purposes. In all of these cases the intent was gathered from the conduct of the parties, as in the case of Hall v. Schoenecke, 128 Mo. 661. In this case the court held that a student in a school might gain a residence at the place where he went to attend school only; whether he had done so or not depended upon the facts and circumstances. (4) This suit must be affirmed for another reason. Appellant owed taxes in said district. He has failed to tender any amount, which he should do. If he is taxed in the wrong district he should tender the amount in the right district to the collector. He can not entirely escape because his taxes are assessed to the wrong district. State ex rel. v. Railroad, 110 Mo. 265; Walker v. St. Louis, 15 Mo. 563.

WOODSON, J.—This suit was instituted by the Collector of the Revenue of Clinton county, in the circuit court thereof, to recover of defendant the sum of $131.56 taxes, together with interest and costs, alleged to be due the Plattsburg School District, assessed

against his personal property for the years 1901 and 1902.

The answer was a general denial, and a plea that the defendant was not a resident of the Plattsburg School District during said time, but was a resident of School District No. 14, and had been for many years prior thereto.

The plaintiff introduced in evidence the taxbill sued on, and rested; then the defendant introduced testimony tending to prove the allegations of the answer.

At the request of the defendant, the trial court made and filed in the cause the following special finding of facts:

"After a full hearing of the evidence in the above entitled cause the court finds the facts in controversy therein, as follows:

"That Geo. A. Shepherd resided at the time of the assessment of the taxes herein sued for on a farm and farm residence lying wholly outside of the limits of the school district of the city of Plattsburg. That he kept a furnished room in said farm house. That his mother and father removed to the city of Plattsburg inside the limits of the school district of the city of Plattsburg, and that at the same time of the assessment of the taxes herein sued for and for a number of years prior thereto the defendant had generally and continuously lodged with his parents at their home in Plattsburg. That at the time of the assessment of the taxes herein sued for and prior to that time defendant had never considered the home of his parents in Plattsburg as his home, but intended and considered his farm house as his home, where he occasionally took a meal with his tenant who occupied a portion of said farm house."

While the evidence conclusively shows, yet the court omitted to find the following facts, to-wit: That defendant was single and had no family; that the sole reason why he lodged with his parents at night was

because they were very old, sickly and helpless, and needed his care and attention; and that every morning after staying with his parents he would return to his farm for the purpose of looking after it and caring for his stock.

The appellant duly excepted to the finding of facts because of the court's omission to find and include therein the facts above stated. Whereupon, the plaintiff offered the following declaration of law:

"1. The court declares the law to be that if the defendant occupied a room at the residence of his father and mother in Plattsburg, Missouri, and that he was a man without any family, and that he usually boarded and lodged at such residence of his father and mother, then the defendant was a resident of said Plattsburg School District, and his property is subject to taxation in said district; and if the court so find then the judgment must be for the plaintiff for the taxes sued for."

Which declaration of law the court gave; and to the giving of which declaration on the part of the plaintiff the defendant, by his counsel, then and there at the time excepted.

The defendant thereupon asked the court to instruct the jury as follows:

"That the domicile of a person when once fixed by his living at a place with the fixed intention of making it his home, is not changed by his removal to another place or location under comforts and surroundings of a home, until he has a fixed intention of abandoning his former domicile and home and of acquiring or fixing a domicile at the place to which he has removed."

Which instruction the court refused, at the refusal of which the defendant, by his counsel, then and there at the time excepted.

The court then found for the plaintiff for the amount of the taxes due, together with the interest and costs, and rendered judgment against the defendant

State ex rel. v. Shepherd.

therefor. In due time defendant filed his motion for a new trial which was by the court overruled, to which action of the court defendant duly excepted. He then appealed the case to the Kansas City Court of Appeals, and that court certified the same to this court under the provisions of the Constitution, because the case involves the construction of the revenue laws.

Appellant's assignments of errors are as follows:

"First. The court erred in giving instruction No. one on the part of the plaintiff, for the reason that said instruction does not take into consideration a man's intention as having anything to do with fixing his domicile, and is not the law.

"Second. The court erred in refusing defendant's instruction number two, which correctly declares the law.

"Third. The court erred in its holding that a man's residence is determined wholly by his lodging place, which may be even temporary and without any intention of making such place his home or domicile or residence.

"Fourth. The court erred in its finding of facts in not further finding that defendant's sole reason for being in and lodging in the Plattsburg School District was for the purpose of caring for his parents in their old age, that his previous residence had been outside said district, and that he had no intention of changing it up to the time of the assessment of the taxes sued for."

I.  It is conceded by counsel for both appellant and respondent that personal property is taxable at the domicile of the owner and in the school district in which he resides. [Stephens v. Mayor of Boonville, 34 Mo. 323; State ex rel. v. McCausland, 154 Mo. 185; State ex rel. v. Brown, 172 Mo. 374.]

And it is equally well settled that if a person is taxed in the wrong district or county, then it is illegal and its collection cannot be enforced. [State ex rel. v.

Brown, supra, 1. c. 380; State ex rel. v. Railroad, 135 Mo. 1. c. 630; State ex rel. v. Railroad, 110 Mo. 265.]

II.  This brings us to the consideration of the main legal proposition presented by this appeal.

The uncontradicted evidence in the case shows, and the court found, that at the time the assessment of the taxes in question was made, the appellant was a resident of School District Fourteen, and not of Plattsburg School District, the one in which the assessment was made, and that during the years 1901 and 1902, and for many years prior thereto, appellant had kept a furnished room in his house on his farm, situate in said District Number Fourteen, which he occupied whenever there, but that during the greater part of those years he generally and continuously lodged at night with his parents at their home in the city of Plattsburg, which constitutes the Plattsburg School District.  The evidence also conclusively shows that the sole reason for appellant's lodging with his parents was because they were old, sickly and helpless, both of whom died during those years, and he considered it his duty to stay with them at nights in order to minister unto their wants and necessities, but always returned every morning to his farm in said District Fourteen for the purpose of looking after his farm and caring for his stock.  The evidence also shows that during said years he always considered and claimed his residence to be in said District Fourteen, and voted there, and never claimed Plattsburg to be his home.  Upon this state of facts the court gave the instruction asked by respondent, which entirely ignores the intention with which appellant lodged at the home of his parents, and what place he intended and claimed to be his residence during those years, and declared as a matter of law that if he generally *lodged* at the residence of his parents, then his personal property was taxable in said Plattsburg School District, notwithstanding the evi-

dence showed and the court found that he was a resident of District Fourteen.

Counsel for appellant contends that his legal residence was upon his farm in District Fourteen, and that his intention in that regard is controlling and conclusive upon that question, and that his residence was not affected by his temporary stay with his parents. It seems that counsel for respondent would concede the soundness of appellant's contention in that regard were it not for the language used in the seventeenth subdivision of section 4160 of the Revised Statutes of 1899. That section is found in chapter 45, Revised Statutes 1899, entitled, "Construction of Statutes"; and reads as follows:

"The construction of all statutes of this State shall be by the following additional rules, unless such construction be plainly repugnant to the intent of the Legislature, or of the context of the same statute: . . . . seventeenth, the place where the family of any person shall permanently reside in this State, and the place where any person having no family shall generally lodge, shall be deemed the place of residence of such person or persons respectively."

It is the contention of counsel for respondent, and the trial court adopted his views, that this statute fixes the residence of a person without a family for the purpose of taxation only at the place where he generally lodges, regardless of his intention in the matter. These respective contentions, as before stated, sharply present the chief legal proposition to be decided in this case.

We have been cited to no statute embraced within the revenue laws of the State which attempts to define or fix the residence of any person for the purposes of taxation, and we have searched those laws in vain for such a statute, and consequently feel satisfied that no such exists. In the absence of any such statute, we must look to the common law and to other statutes

in determining the meaning of the words "residence" and "domicile" as they are used by the Legislature in the revenue statutes.

At common law, all of the authorities agree that those words are used interchangeably and have practically the same meaning. The latter seems to have been more generally used by the text-writers and in the adjudicated cases, but our statutes more frequently use the word "residence." The word "domicile" is defined by Mr. Burrill in the following words: "A residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time;" and Mr. Blackstone defines the word "residence" to be "the abode of a person or incumbent or his benefice—opposed to non-residence."

While this court has not attempted to give a technical definition of either of said words, yet it has in numerous cases used them in the sense before mentioned. [Lankford v. Gebhart, 130 Mo. 621; Hall v. Schoenecke, 128 Mo. 661; Hope v. Flentge, 140 Mo. 390; Morgan v. Brase, 140 Mo. 415; State ex rel. v. Brown, 172 Mo. l. c. 384; State ex rel. v. McCausland, 154 Mo. l. c. 189; State ex rel. v. Banta, 71 Mo. App. 32; State ex rel. v. Renshaw, 166 Mo. 682.]

In this State we have many statutes which employ the words "resident," "citizen," "domicile," "place of residence," etc., which relate to exemptions, elections, officers, taxation, attachments, place of bringing suits, etc., but none of those statutes seem to have undertaken to define any of those words; and in all of the cases to which our attention has been called, the courts, in construing their meaning, have been controlled very largely by the intention of the person whose residence or domicile was in question. That was the sole controlling fact in the case of State ex rel. v. Renshaw, supra, which involves the question as to where his personal property should be taxed. The

authorities are also uniform in holding that when a person has once acquired a residence or domicile, then such residence or domicile is not lost by reason of his temporary absence therefrom on pleasure or business. [Cooley on Taxation, p. 369; State ex rel. v. Dayton, 77 Mo. 682; Tiller v. Abernathy, 37 Mo. 196; Greene v. Beckwith, 38 Mo. 385; Venuci v. Cademartori, 59 Mo. 352; Chariton Co. v. Moberly, 59 Mo. 238; Lankford v. Gebhart, 130 Mo. supra; Hall v. Schoenecke, 128 Mo. supra; State v. Sanders, 106 Mo. 188.]

So, under this view of the law we would be compelled to hold that appellant was a resident of District Fourteen, and not of Plattsburg District, unless, as contended by counsel for respondent, said section 4160 has changed the meaning of the word "residence" from its ordinary and generally accepted meaning to that of place of lodgment.

By reading said section it will be seen that it does not undertake to declare in unqualified terms that the place where a person without a family generally lodges shall be taken to be his place of residence, but, upon the contrary, the enacting clause of that section in express terms provides that "the construction of *all statutes* of this State shall be by the following *additional rules,* unless such construction be plainly repugnant to the intention of the Legislature, or the context of the same statute." Clearly, it was not the intention of the Legislature by enacting that statute to compel the courts to hold as a matter of law that the residence of a person without a family was the place where he generally lodges, for had that been the intention it would have said so in so many words, without having qualified the section by stating that the rules stated therein, twenty-two in number, should be considered as "additional rules" of construction of all *statutes* of the State. The Legislature intended thereby to assist the courts in properly construing "*all statutes* of the State" by providing those *additional*

*rules* of construction, and it did not thereby undertake itself to construe all of the statutes of the State. This is made clear by the clause thereof which in express terms provides that said rules should never be employed in construing any statute where their use would lead to a construction which was repugnant to the plain meaning of the statute under consideration. So, in our judgment, we do not think it was the intention of the Legislature to absolutely command the court to resort to those "additional rules" of construction where the court could ascertain the clear meaning of a statute without resorting to them. In other words, the Legislature simply meant thereby to furnish additional rules of construction to those already existing for the construction of all statutes of the State, which the court might or might not bring to its assistance in the construction of a particular statute, in the same manner that it would employ or reject any and all other rules of statutory construction. All such rules rest upon the same footing, and may or may not be resorted to, as the particular case under consideration may require. Under that view of section 4160, if the court can ascertain the plain meaning of the words "residence" and "domicile" as used by the Legislature in the revenue statutes of the State, without resorting to the "additional rules" of construction stated in said section, then we are not required to do so in construing those words as they appear in the various sections of chapter 149, Revised Statutes 1899, regarding the assessment and collection of the revenues.

Having reached the conclusions that the Legislature did not define the words "residence" and domicile" by enacting said section 4160, and that this court is no more bound to consider the rules of construction therein stated than it is to consider any other rule of statutory construction, we will, therefore, return to the inquiry, what is the place of residence of a taxpay-

er who has no family within the meaning of said chapter 149?

If this was a new question presented to this court for the first time, we would have no hesitancy in saying that the word "residence" as used in the revenue statutes means the place where the taxpayer lives and which he claims to be his home or domicile. If the contention of counsel for respondent is correct, then all personal property of whatsoever nature or character would not be assessed in the county and district where the owner resides, as provided by statute, but would, in all cases where the owner had no family, be assessed in the county and district where he generally lodges, as provided by section 4160. If that is the meaning of the statute, then the personal property of all persons who have a family would be taxable in the county and district in which they reside, while that belonging to all persons who have no family would be taxed in the district where they generally lodge, although temporary in point of time, regardless of their real residence and of their real intentions and purposes in being temporarily absent therefrom.

The revenue statutes make no such distinction as to the place where the property of persons who have families and those who have none shall be assessed. And to make that distinction by placing respondent's construction upon section 4160, we would thereby do violence to the statute which provides that all such property shall be assessed in the county and district in which the owners reside. That being clearly true, then according to the express terms of section 4160, as before shown, it has no application, for the reason it would be "repugnant to the intention of the Legislature, or to the context of the statute under consideration." While that statute has never been considered by this court in any of the cases I have read, yet, as before shown, the result would not have been changed had it been considered.

We are, therefore, of the opinion that appellant was ·a resident of School District Number Fourteen, and that his personal property was taxable in that district and not in the Plattsburg District. The action of the court, therefore, in giving instruction No. 1 for respondent, and in refusing No. 2, requested by appellant, was erroneous.

The judgment is reversed.

All concur.