BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

## OCTOBER TERM, 1914.

STATE OF MISSOURI ex rel. Collector of Knox
County, Appellant, v. JAMES A. BUNCE, Ex-
ecutor, et al., Respondents.

St. Louis Court of Appeals. Submitted on Briefs, December 7,
1914. Opinion Filed January 5, 1915.

1. COLLATERAL INHERITANCE TAX: "Resident" of State.
A person who had resided a long time in another State, and
who was brought to this State in bad health a few days before
his death, but who was not shown to have anticipated death
when he came to this State, nor to have intended taking up
a residence in this State, was not a "resident" of this State
within the Collateral Inheritance Tax Law (Sec. 309, R. S.
1909).

2. BILLS AND NOTES: Function of Note. A promissory note is
merely an evidence of indebtedness.

3. COLLATERAL INHERITANCE TAX: Taxability of Property:
"Property Within State." A debt due a non-resident of this
State from a resident thereof, evidenced by a promissory note,
is "property within this State," within the Collateral Inherit-
ance Tax Law (Sec. 309, R. S. 1909), which provides that where

a decedent who was not a resident of this State at the time of his death leaves property within this State, such property shall, when certain conditions obtain, be liable to a tax.

Appeal from Knox Circuit Court.—*Hon. Charles D. Stewart,* Judge.

REVERSED AND REMANDED (*with directions*).

*Claude M. Smith* and *Orville M. Barnett* for appellant.

(1) The collateral inheritance tax statute provides for a tax upon property passing to persons not excepted by the law, from one who died a resident of the State, and also where decedent was not a resident of the State at the time of his death but his property or any part thereof shall be within the State. Revised Statutes of Missouri 1909, section 309. Aside from the question as to whether the decedent in case at bar was a resident of the State at time of death the entire property was physically here present and under the statute subject to a collateral inheritance tax. Revised Statutes of Missouri 1909, section 309. The entire property of decedent, consisting of a promissory note, was in his possession in the State of Missouri at time of death and is subject to tax. Sec. 309, R. S. Mo. 1909; State v. County Court, 47 Mo. 594; Curtis v. Ward, 58 Mo. 295; State ex rel. v. Howard County, 69 Mo. 454; Crohn v. Clay County Bank, 137 Mo. App. 712; Ross on Inheritance Taxation, sec. 179. (2) The Legislature has the legal right to tax the succession to property of a non-resident, when the property is within the State. A ground for the exercise of this right is that the property has the protection of the laws and the laws are invoked for the administration of it when change of ownership is to be effected. Callahan v. Woodbridge, 171 Mass. 595, 597; In re Lord, 186 N. Y. 549.

*F. H. McCullough* and *James C. Dorian* for respondent.

The collateral inheritance tax statute provides, that such tax shall be collectible upon the following classes of property: First, where the owner died a resident of this State; second, where the decedent was not a resident of this State at the time of his death, but his property was within this State. Revised Statutes of Mo. 1909, section 309. The residence of the testator, at the time of his death, is the *situs* of a debt, for purposes of inheritance taxation. Frothingham v. Shaw, 175 Mass. 59; Matter of Thomas (Surrogate Ct.), 3 Misc. (N. Y.) 388; 24 N. Y. Sup. 713; Matter of Bentley (Surrogate Ct.), 31 Misc. (N. Y.) 656, 66 N. Y. Sup. 95; Matter of Phipps, 77 Hun (N. Y.) 325, 28 N. Y. Sup. 330, affirmed 143 N. Y. 641, 37 N. E. Rep. 823; Matter of Zefita, 167 N. Y. 280; Matter of Chabot, 44 N. Y. App. Div. 340, 60 N. Y. Sup. 927. Bonds of an individual secured by mortgage upon land in the domestic State, which were owned by and in possession of a non-resident decedent at the time of his death, are not subject to the transfer tax of the domestic State. Matter of Preston, 75 N. Y. App. Div. 250, 78 N. Y. Sup. 91, affirming (Surrogate Ct.), 37 Misc. (N. Y.) 236, 75 N. Y. Sup. 251. In the present case, the fact that deceased was a resident of New Mexico and had resided there for about eighteen years last past, before his death, is admitted by the agreed statement of facts. Intangible personal property has no independent *situs,* but follows that of its owner and can be taxed only where the owner resides. State v. Clement National Bank, 84 Vt. 167. The Missouri cases uniformly hold, that the property must be in the State, for purposes of investment, or have a permanent resting place there, before it is taxable. Taylor, Admr., v. St. Louis County Court, 47 Mo. 594; Curtis v. Ward,

187MoApp39

58 Mo. 295; State ex rel. Dunnica v. County Ct., 69 Mo. 454; Crohn v. Bank, 137 Mo. App. 712.

REYNOLDS, P. J.—By section 309, Revised Statutes 1909, it is provided: "All property which shall pass by will, or by the intestate laws of this State from any person who may die seized or possessed of the same while a resident of this State, or, if decedent was not a resident of this State at the time of death, which property or any part thereof shall be within this State, or any interest therein or income therefrom, which shall be transferred by deed, grant, bargain, sale or gift, made or intended to take effect in possession or enjoyment after the death of the grantor, bargainor, vendor or donor, to any person or persons, or to any body politic or corporate, either directly or in trust or otherwise, or by reason whereof any person or body politic or corporate shall become beneficially entitled in possession or expectancy, to any property or income thereof, other than to or for the use of the father, mother, husband, wife, legally adopted children, or direct lineal descendant of the testator, intestate, grantor, bargainor, vendor or donor, except property conveyed for some educational, charitable or religious purpose exclusively, shall be and is subject to the payment of a collateral inheritance tax of $5 for each and every $100 of the clear market value of such property, and at and after the same rate for every less amount, to be paid to the collector of revenue of the proper county, . . . *provided further,* that the word 'property,' as used in this section, shall be taken to mean the property or interest therein passing or transferred to individual legatees, devisees, heirs, next of kin, grantees, vendees or donees, and not as the property or interest therein of the testator, intestate, grantor, bargainor, vendor or donor."

One Thomas F. Bunce, then a resident of the present State of New Mexico, and having resided there

for about eighteen years next before his death, being in bad health, was brought from his home there to Knox county, in this State, where, about three days after his arrival, he died.

By the agreed statement of facts upon which the case was tried in the circuit court, it appears, among other things, that his sole estate consisted of a promissory note payable to him, executed to him by his brother, James A. Bunce, the amount of which does not appear but upon which at the time of the institution of this action the sum of $3574.41 was due. This note was given by James A. Bunce as part of the purchase price of the interest of Thomas F. Bunce in lands in Knox county in this State, now owned by James A. Bunce. This note had been owned by Thomas F. Bunce from its date to the time of his death, he having had it in his possession in New Mexico when he lived there and having brought it with him to Missouri. By the will of Thomas F. Bunce, James A. Bunce was named as executor and his sister Bridget McKendry as executrix. It appears that on application to the probate court of Knox county letters executory were issued to James A. Bunce, who duly qualified. Thomas F. Bunce died single, never having been married, leaving brothers and sisters, nephews and nieces, all collaterals, as his heirs and legatees.

The prosecuting attorney of Knox county, acting on behalf of the collector of the revenue of that county, and proceeding under article 14, chapter 2, Revised Statutes 1909, applied to the probate court of that county for citation against James A. Bunce as executor, and such others as might be interested as legatees, all collateral kin, to appear and show cause why their interest in the note should not be subjected to payment of the collateral inheritance tax imposed by the above section 309, and demanding of the executor and legatees the payment of the collateral inheritance tax, averring that they had refused to pay the tax, it being

further averred that at the time of his death Thomas F. Bunce was a resident of Knox county, and that this note was subject to the payment of the collateral inheritance tax provided by article 14, chapter 2, Revised Statutes 1909, as property "within this State." Citation was duly issued and upon the hearing of the cause in the probate court, that court held that Thomas F. Bunce was a resident of Knox county, this State, at the time of his death and that the property he had left, the note above mentioned, was property within Knox county, in this State and subject to the tax as property going to collateral kin.

On appeal to the circuit court, the cause was tried before the court without a jury upon the agreed statement of facts, and a judgment was rendered against the collector, the circuit court finding that at the time of his death Thomas F. Bunce was a resident of the Territory, now State, of New Mexico, and that he had no property subject to the collateral inheritance tax of our State within this State at the time of his death. It accordingly dismissed the citation or petition as against the executor and legatees of Thomas F. Bunce, adjudging costs in their favor. From this, interposing a motion for new trial as well as in arrest of judgment, and saving exceptions to the ruling of the court, the relator, as collector of the county, has duly perfected his appeal.

In State ex rel. Kelly v. Shepherd, 218 Mo. 656, 117 S. W. 1169, Judge WOODSON, after stating that the court had been cited to no statute embraced within the revenue laws of the State which attempts to define or fix the residence of any person for the purpose of taxation, holds that in the absence of such a statute we must look to the common law and to other statutes in determining the meaning of the words "residence" and "domicile," as they are used by the Legislature in the revenue statutes. "At common law," he says (l. c. 666), "all of the authorities agree that those

words are used interchangeably and have practically the same meaning. The latter seems to have been more generally used by the text-writers and in the adjudicated cases, but our statutes more frequently use the word 'residence.' The word 'domicile' is defined by Mr. Burrill in the following words: 'A residence at a particular place accompanied with positive or presumptive proof of an intention to remain there for an unlimited time;' and Mr. Blackstone defines the word 'residence' to be 'the abode of a person or incumbent or his benefice—opposed to non-residence.' While this court has not attempted to give a technical definition of either of said words, yet it has in numerous cases used them in the sense before mentioned.'' Further discussing the question, the learned judge concludes in that case: ''The authorities are also uniform in holding that when a person has once acquired a residence or domicile, then such residence or domicile is not lost by reason of his temporary absence therefrom on pleasure or business.''

Mr. Black, in his Law Dictionary (2 Ed.), p. 1026, defines ''resident'' as being ''one who has his residence in a place.'' It is more limited than the word ''inhabitant,'' the latter implying, he says, ''a more fixed and permanent abode than does resident.''

The most carefully considered definition of residence which we have found is given in 3 Rawle's Third Revision of Bouvier's Law Dictionary, p. 2920, where a distinction is made between ''residence'' and ''domicile,'' it being said ''that the first involves the intent to leave when the purpose for which one has taken up his abode ceases. The other has no such intent; the abiding is *animo manendi.*'' But the trend of our decisions seems to be to treat the terms as synonymous.

Applying these definitions, we think it is very clear that Thomas F. Bunce at the time of his death cannot be held to have been a resident of this State. Beyond question, he had been a resident of the Territory or

State of New Mexico for eighteen years next before his death, save for the last three or four days of his life; he made his will there, in which he described himself as of "East Las Vegas, New Mexico." It is dated there the 27th of April, 1910, and he died in this State on or about May 25, 1910. While he was brought here only three or four days before his death, there is nothing to show that he anticipated immediate death, or that he had in mind taking up a residence in this State. In point of fact, there is no testimony whatever covered by the agreed statement of facts in this case to show any intent whatever on the part of Thomas F. Bunce to change his domicile or place of residence. That far, therefore, we agree with the conclusion arrived at by the learned circuit judge, and we hold that at the time of his death Thomas F. Bunce was not a resident of this State, as the term "resident" has been defined.

Not being a resident of this State at the time of his death, was the balance due on this note, the subject of the legacies and out of which they were to be paid, "property within this State?"

A note is a mere evidence of indebtedness. The payor of this note resides in Knox county, Missouri. The legal *situs* of the debt is in this State. (See Becraft v. Lewis, 41 Mo. App. 546, l. c. 551; Partnership Estate of Henry Ames & Co., 52 Mo. 290.) Administration is now being had here upon this asset, and distribution thereof is to be made in this jurisdiction. It thus appears that, though the residence of the decedent may have been in New Mexico, this note is to be regarded as property in this State and subject to the collateral inheritance tax, under the provisions of section 309, supra.

Without attempting to go into an extensive and detailed quotation from authorities, we may say that, in arriving at our conclusion herein, we think we are in line with not only State ex rel. Kelly v. Shepherd,

supra, so far as concerns residence, but on the *situs* of the property, in line with the generally accepted authorities. See Ross on Inheritance Taxation, page 239, section 179, where it is said: "Mortgages, notes, land contracts and papers, representing property within the State, are there subject to inheritance taxation, notwithstanding they are owned by a nonresident and are in his possession at his domicile at the time of his death." [See also 18 Cyc., pp. 72, 73, par. VI and VII.] For decisions in our own State sustaining the same view see Stephens, Admr. v. Mayor of Booneville, 34 Mo. 323; State ex rel. Taylor v. St. Louis County Court, 47 Mo. 594; Pacific R. R. Co. v. Cass County, 53 Mo. 17; Curtis v. Ward, Admr., 58 Mo. 295; State ex rel. Dowell, Collector, v. Renshaw, 166 Mo. 682, 66 S. W. 953; Crohn, Admr., v. Clay County State Bank, 137 Mo. App. 712, 118 S. W. 498; State ex rel. White v. Timbrook's Estate, 145 Mo. App. 368, 129 S. W. 1068, and cases therein cited.

Nor do we think our conclusion inconsistent with anything decided in State ex rel. Dunnica v. County Court of Howard Co., 69 Mo. 454; Valle v. Zeigler, 84 Mo. 214; State ex rel. Zeigenhein v. McCausland, 154 Mo. 185, 55 S. W. 218; Western Stoneware Co. v. Pike County Mineral Springs Co., 172 Mo. App. 696, 155 S. W. 1083, and the like.

We have not thought it necessary to review the cases from other States, as we think those of our own State, as well as those cited and quoted by Mr. Ross, supra, and in 18 Cyc., supra, cover the proposition involved.

Our conclusion is that these legacies and distributive shares, payable out of the balance due on this note, under the provisions of section 309 of our statute as to property within this State passing by will from a nonresident to collateral heirs or legatees, is of property within this State, and as such is subject to

payment of the collateral inheritance tax imposed by our law.

It is argued by the learned counsel for respondents that such construction would place under the collateral inheritance law of our State property which a sojourner, or one casually passing through the State and happening to die here, might at the time have on his body. That is not this case. When such a situation presents itself it will be time enough to pass upon the effect of our statute upon it.

The judgment of the circuit court is reversed and the cause remanded with directions to that court to enter up proper judgment charging the inheritance tax imposed by law upon the interest of the beneficiaries in the fund. *Allen, J.,* concurs. *Nortoni, J.,* not sitting.