**CITY OF ST. CHARLES, Missouri, Plaintiff-Appellant,**

v.

**Orville G. SCHONE and Patricia L. Schone et al., Defendants-Respondents.**

**Nos. 38365, 38377.**

Missouri Court of Appeals, St. Louis District, Division Three.

June 13, 1978.

J. David Bechtold, Keith W. Hazelwood, St. Charles, for plaintiff-appellant.

Carter & Becker, Charles F. Dufour, Clayton, for defendants-respondents.

KELLY, Judge.

In this cross appeal the City of St. Charles in Cause No. 38377 appeals from the judgment of the Circuit Court of St. Charles County whereby the trial court held that with respect to Count II of the City's petition for Declaratory Judgment pursuant to the requirements of § 71.015 RSMo. 1969, V.A.M.S.—"The Sawyer Act"—for the purpose of annexing a certain unincorporated area in St. Charles County it lacked jurisdiction to reach the merits of the cause because the defendants named in the petition "are only renters or lessees of certain apartments and businesses and not owners of property sought to be annexed by said Count II, and as such do not fairly and adequately represent the class."

The defendants' appeal in Cause No. 38365 is from the judgment of the Circuit Court in Counts I and III of the City's petition whereby the trial court found that the annexation of the areas of unincorporated land sought to be annexed therein to be reasonable and necessary to the proper development of the City of St. Charles and that the City had the ability to furnish normal municipal services of said City to those areas sought to be annexed within a reasonable time after annexation.

■ The issue raised in Count II, stated simply, is what does the term "inhabitants," employed in § 71.015 subsection 3 mean in the sentence contained therein which reads as follows:

"Such action shall be a class action against the inhabitants of such unincorporated area under the provisions of section 507.070 RSMo."

The facts pertinent to this issue are that the area sought to be annexed in this Count is situated south of Interstate 70 where it intersects with Fifth Street in St. Charles County, Missouri, immediately south and somewhat east of the corporate limits of the City of St. Charles. It is approximately an area of 11 acres improved with apartments and two commercial establishments. The area is zoned commercial. From the evidence we deduce that there are approximately 175 apartment units, and two commercial establishments, one occupied by the Goodyear Wholesale Tire Center and the other by J. & R. Pallet Repair, located in this area.

Preliminary to the institution of this suit Ben Holbert, the Annexation Director for the City, compiled a list of the "residents" of the areas to be annexed. The source of this data were the records of water-taps. Assisted by one of his employees, Mr. Holbert ascertained that there were 119 people, according to the water-tap records in the three areas; 7 resided in the area sought to be annexed in Count I of the petition, 112 in the area included in Count II, and 1 in the area in Count III of the petition. In compiling this list he admitted that he made no determination whether any of these persons were owners of the land which they inhabited.

Although the petition as filed—at least as it is copied in the transcript of the record—alleged in paragraph 3 of each Count that "all of the defendants specifically named are residents or owners of land herein described," we are unable to determine from this record who most of the defendants are. From the caption of the case and the briefs filed by the parties to this appeal we are able to ascertain that Orville G. Schone and Patricia L. Schone are named defendants. From an entry of appearance by the only counsel who appeared at the trial of the action and in this court we learn that he is attorney of record for the following: "Schone, Hohman, Schmidt and Feltz." [1] James Feltz, Jr., testified as a defense wit-

---

1. Throughout this proceedings in the trial court all entries on behalf of the defendants prior to the entry of appearance referred to in this opinion were made in behalf of all of the defendants; no specification was made as to any particular defendants representation was being afforded to. Throughout the trial of the case and thereafter all documents, as they appear in the transcript, were for the "defendants." Even in the brief no reference is made to which defendants counsel was representing.

ness at trial, and according to his testimony he is the owner of a home in which he resides at 405 Lilac, and this is situated in the area sought to be annexed by the City in Count I of its petition.

When this case was argued, upon interrogation by one of the members of this court, counsel for those defendants named in the entry of appearance, candidly admitted that he represented owners of land but did not specify what area they inhabited, if any, among the three unincorporated areas named in the City's petition.

Mr. Holbert also testified that of those persons selected as representative of the class, service of process was obtained on all seven of the residents in the area described in Count I of the City's petition, but that in respect to one of these the service was, for some unexplained reason, invalid. Eighty-five residents of the area described in Count II of the petition were served and the sole resident of the area described in Count III of the City's petition was also served. Of those residents of the apartments in the area described in Count II of the City's petition who had been served, at the time of trial fifty-seven were still residents. One of the two commercial establishments in this area had also been served. There is no entry of appearance in behalf of any of these members of the class to be affected by any decision on Count II of the petition.

As we understand the argument of both counsel, the question succinctly stated is whether in a class action under the provisions of § 71.015 subsection 3, RSMo. 1969, V.A.M.S., where an area sought to be annexed has been improved by apartment buildings it is necessary to join as party defendants the owners of the land on which the apartment buildings are erected, and does the failure to do so deprive the trial court of jurisdiction to reach the merits of the question of annexation? We believe it does not.

The General Assembly in enacting the Sawyer Act provided that the declaratory judgment action should be a class action against the "inhabitants of such unincorporated area . . .," but in so doing chose not to define the term. By § 1.090 RSMo. 1969, V.A.M.S. we are directed to take words and phrases in their plain or ordinary and usual sense except that technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import. It is not contended by either of the parties to this appeal that the word "inhabitants" is a technical word and we are of the opinion that it should be taken in its plain or ordinary and usual sense.

The City contends that the term "inhabitant" means one who is a resident or who dwells in a place as distinguished from a transient. In support of this construction of the term it relies on the definition found in *State v. Snyder*, 182 Mo. 462, 82 S.W. 12 (1904), and *Stevens v. Larwill*, 110 Mo.App. 140, 84 S.W. 113, 118 (1904). In *Snyder* the court was construing the term "inhabitant" as employed in § 2419, Rev.St. 1899, the statute of limitations applicable to a bribery prosecution and in *Larwill* the question whether the administrator was a nonresident of the state. The *Larwill* court said, 84 S.W. l.c. 118: "The words 'inhabitant,' 'citizen,' and 'resident' mean substantially the same thing, and one is an inhabitant, resident, or citizen of the place where he has his domicile or home. * * * A man's residence is his home or habitation fixed at any place, without a present intention of removing therefrom."

The term "inhabitant" is defined in Webster's Third New International Dictionary (Unabridged) as: "1: a person who dwells or resides permanently in a place as distinguished from a transient lodger or visitor." It would appear, however, that to qualify as an "inhabitant" one must be more than a resident. This court in *State v. Bunce*, 187 Mo.App. 607, 173 S.W. 101, 102 (1915), said:

"Mr. Black, in his Law Dictionary (2d Ed.) p. 1026, defines 'resident' as being one who has his residence in a place. It is more limited than the word 'inhabitant,' the latter implying, he says, 'a more fixed and permanent abode than does resident.' "

Defendants, on the other hand, rely on *City of St. Charles v. Schroeder,* 474 S.W.2d 55 (Mo.App. 1971) where in this court reversed the granting of a declaratory judgment authorizing the City to proceed with annexation because the list from which those named as defendants were chosen did not include all, or even a substantial number, of the property owners in the area proposed to be annexed, and were not fairly chosen within then Rule 52.09 V.A.M.R.[2] As we later pointed out in *City of Des Peres v. Stapleton,* 524 S.W.2d 203, 206 (Mo.App. 1975) in the *Schroeder* case the defendants were selected from a narrow geographic area; one entire area of land which was to be annexed was unrepresented, as were many of the subdivisions in the area to be annexed; the defendants there were selected an random from a list of residents that did not fairly represent the whole class of inhabitants of the area; the evidence showed much opposition to the annexation and none of the opponents were represented; and although there was a wide variety of land uses, some of the owners of this land were not represented. In neither *Schroeder* nor *Stapleton* was the question before us decided, despite the reference to the absence of land-owners. The question in *Schroeder* was whether the class was fairly chosen and whether they adequately and fairly represented the class, and in *Stapleton,* whether the City established a valid class action and whether it failed to establish the reasonableness and necessity of the annexation. In neither case was the land which the City sought to annex improved by apartments and commercial establishments alone.

We believe that if it was the intention of the General Assembly that in a proceeding under the Sawyer Act owners of the fee interest who were not inhabitants of the unincorporated areas sought to be annexed should be necessary party defendants it could have so provided. This was done in § 71.012 RSMo. Supp. 1976, and § 71.014 RSMo. Supp. 1973 providing for annexation upon request of all property owners.

Although there was no showing that counsel who participated in the trial of this action was employed by any of the persons who inhabited the area sought to be annexed in this Count to represent them, and for that reason there may be some question of his standing to respond to the City's argument on its appeal, it is obvious from a reading of the record and the arguments presented in the appeal from the judgments in Counts I and III of this petition that he was opposing any annexations in this area by the City. In the trial court, and here, his argument against these annexations consisted in contentions that the recent history of annexations by this plaintiff and the "multitude of suits" thereby occasioned—including one, *George Schlarman et al. v. City of St. Charles,* Cause No. 14034, in the Circuit Court of St. Charles County, and which is still languishing in that court—taken with the entry into voluntary agreements with other landowners in the area to take in tracts of land in the unincorporated areas of St. Charles County, constitute some nefarious scheme of land-grabbing by the City. He applied this argument not only to the tracts sought to be annexed in Counts I and III, but with equal strength to the areas sought to be annexed in Count II of the City's petition.

Despite the fact the apartment dwellers and the operators of the business establishments in this area did not appear by counsel—so far as we know—the persistent and vigorous defense of the only counsel in the case on the defendants' side convinces us that their opposition to annexation, if there was any, was more than adequately and fairly represented.

We hold therefore, that the trial court erred in its finding that it lacked jurisdiction to reach the merits of this declaratory judgment petition, Count II, for the reason that the class was not adequately and fairly represented.

---

**2.** Rule 52.09 V.A.M.R. was repealed and a new Rule 52 adopted effective December 1, 1972. It is the new Rule, Rule 52.08 which now, and at the time this proceeding was instituted and throughout the period of time it was pending, was in effect.

The defendants, in their appeal, raise the following Points: that the trial court erred in entering judgment for the City on Counts I and III of its petition because: 1) the aim of this annexation was to extend the corporate limits of the City so that its boundaries would abut certain "voluntary" tracts; 2) because the boundaries of the proposed annexation are highly irregular and distorted and will create hazards for owners receiving governmental services in the proposed and abutting areas; 3) because annexations should be infrequent; and, 4) the City has engaged in a multitude of fragmented, piecemeal annexations, thereby preventing defendants from presenting an adequate defense.

Reduced to simpler terms, what the defendants actually contend is that the City failed to meet the burden cast upon it by § 71.015(2) RSMo. 1969, V.A.M.S., that the annexation was reasonable and necessary to the proper development of the City.

The decision to annex contiguous unincorporated areas in essentially a legislative decision resting within the discretion of the City's governing body. *Young v. City of Liberty,* 531 S.W.2d 732, 737[4] (Mo. banc 1976); *City of Jefferson v. Smith,* 543 S.W.2d 547, 549[2] (Mo.App. 1976). Neither the trial court nor this court on appeal may interpose its judgment as to the advisability or the wisdom of the proposed annexation for that of the City's legislators. Our function, under the Sawyer Act, is to determine whether the City has presented sufficient competent evidence to make compliance with the statutory prerequisites imposed by the Sawyer Act "fairly debatable." If the City has done so, we may not usurp the discretionary judgment of the City's legislative body. *City of St. Joseph v. Hankinson,* 312 S.W.2d 4, 8[7] (Mo. 1958); *City of Jefferson v. Smith, supra,* l.c. 549.

The trial court found with respect to these unincorporated areas that annexation to the City of St. Charles was reasonable and necessary to the proper development of the City. In determining whether the City has met its burden of proof we may not review the evidence de novo, but we must sustain the trial court's judgment unless it lacks substantial evidentiary support. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

The defendants have furnished us with no authorities in support of their first point and we have been unable to find any case so holding. As we previously stated in *Smith v. City of St. Charles,* 552 S.W.2d 60, 63[4] (Mo.App. 1977): "While irregular boundaries are a factor in determining the reasonableness of an annexation, it alone is not determinative." The same may be said for the defendants' next Point as to the frequency of annexations as a factor in determining the reasonableness. While frequency of annexation is a factor in determining reasonableness in annexation cases, it is not conclusive. *City of St. Peters v. Kodner Development Corporation,* 525 S.W.2d 97, 100[7] (Mo.App. 1975). Defendants' final Point, that the City's frequent annexations prevent the defendants from presenting an adequate defense is based upon the testimony of Mr. Holbert that as the Director of Annexation for the City he intended to recommend annexation of the entire Missouri River watershed area, but so far the City has filed a number of suits rather than one. Of course they cite no authority which would require the City to file only one suit to take in the entire watershed area. Mr. Holbert cannot make that decision; as he testified, he may recommend that annexation but it is the City legislative body which must make that decision, even if that recommendation should be made. The City may not seek annexation of any area without proving that annexation of that area is reasonable and necessary to the City's growth and that it can furnish normal municipal service to the area within a reasonable time.

It would serve no purpose to set out the evidence adduced at trial for the reason we have concluded that it is substantial evidence supporting the findings of the trial court and will add nothing to the law of annexation now existing.

For these reasons we affirm the judgment of the trial court on Counts I and III of the City's petition.

Judgments on Count I and III affirmed; judgment on Count II reversed and the cause is ordered remanded for further proceedings.

GUNN, P. J., and WEIER, J., concur.