THE STATE ex rel. S. M. QUICK, Collector of the Revenue of Dade County, v. F. R. PEARSON, Appellant.

Division One, December 22, 1917.

1. **TAXATION: In School Districts: Residence: Situs of Property.** Personal property is taxable in the school district in which the owner resides, and not in the district in which it actually is if that be a different district from the owner's residence. The only exception to this rule is that the property of non-resident wards of the probate court is to be taxed in the school district of its *situs*. This rule is clear when Sections 11337 and 11355 are read together, as they must be.

2. ———: ———: ———: ———: **Philosophy of Taxation.** The protection of the law of the locality gives the right to tax property, and in harmony with this principle the school facilities afforded at the home of the taxpayer are an important element justifying the taxation of his personal property in that district.

Appeal from Dade Circuit Court.—*Hon. B. G. Thurman,* Judge.

AFFIRMED.

*Thomas W. Martin* for appellant.

(1) The rule in Missouri is that tangible personal property is assessable and taxable where it is actually located, whether that *situs* be the domicile of the owner or elsewhere, unless changed by statute. Plattsburg v. Clay, 67 Mo. App. 497; School District v. Bowman, 178 Mo. 654; Leavell v. Blades, 237 Mo. 695; State ex rel. v. County Court, 47 Mo. 594; St. Louis v. Ferry Co., 40 Mo. 589; State ex rel. v. County Court, 69 Mo. 454; State ex rel. v. Bruce, 187 Mo. App. 607. (2) Primarily and fundamentally the assessment and collection of taxes are proceedings *in rem,* and the right to tax personal property at the domicile of the owner arose out of a mere fiction of law expressed in the maxim "*mobilia sequuntur personam*" (movables follow the person). This maxim our courts say is applied chiefly, if not exclusively, to the distribution of an intestate's estate and not primarily as a rule for the taxation of personal property; and even if applied as a rule for the taxation of personal property, the fiction gives way, and especially so under the modern doctrine of taxation, when the facts show that tangible personal property has an actual *situs* separate from the domicile of the owner. State ex rel. v. County Court, 47 Mo. 594; School District v. Bowman, 178 Mo. 658; Leavell v. Blades, 237 Mo. 708; Plattsburg v. Clay, 67 Mo. App. 499; Corn v. Cameron, 19 Mo. App. 580. (3) Now, as to the law generally, Cyc. lays down the rule that personal property for the purpose of taxation has its *situs* at the domicile of the owner, although such property may actually be elsewhere, but qualifies the general rule by saying that according to the rule now generally prevailing cattle, horses, and other domestic animals are assessable for taxation at the place where they are kept or herded during the greater portion of

the year, or usually, irrespective of the owner's residence. 37 Cyc. 952. (4) Again, in 27 Am. & Eng. Ency. Law (2 Ed.), page 650, it is stated that "the modern tendency under constitutions and statutes declaring the State's taxing power to extend to all property within its jurisdiction is to consider the actual location of the articles taxed;" but it is clear that this statement of the law applies to tangible and not to intangible personal property, such as simple debts, the latter class being assessable for taxation at the domicle of the owner by the fiction of law *"mobilia sequuntur personam."* (5) Both from Cyc. and Am. & Eng. Ency. Law it seems clear that no matter what the original rule may have been, as to requiring the assessment of personal property at the domicile of the owner by fiction of law, such rule no longer exists as to tangible personal property which has a definite and fixed *situs;* while the Missouri cases above cited announce the doctrine that such fiction does not exist in Missouri as to tangible personal property having a separate *situs* from the domicile of the owner. (6) The sole question in the case of State ex rel. v. Shepherd, 218 Mo. 658, was whether Shepherd, who resided on a farm and was himself a single man, and on account of the age and infirmity of his parents lodged with them at their home in the city of Plattsburg, had his legal residence in the school district in the city of Plattsburg or in the school district in which his farm was located. No controversy arose over the character of the property as to whether tangible or intangible, or as to whether such property should be taxed at its *situs* or at the domicile of the owner, counsel conceding without controversy same should be taxed at the domicile of the owner, and the court merely cites authorities given by counsel in support of their concession. The cases so cited do not, however, support the proposition that tangible personal property is assessable and taxable at the domicile of the owner when such property has an actual *situs* separate from the owner. (7) The various acts of the Legislature touching the subject of taxation support

the theory that tangible personal property is assessable and taxable at its *situs* unless otherwise provided by statute. Sec. 11337, R. S. 1909, requires personal property to be taxed in the county in which the owner resides. This is not made to apply to any other taxing unit or subdivision than the county, and the very fact of its enactment presupposes the existence in this State of the principle that tangible personal property is taxable at the place of its *situs*. By reference to the case of Leavell v. Blades, 237 Mo. 705, the court will observe that the above section of the statute was enacted by the Legislature on account of the decision in the case of State ex rel. v. Howard County Court, 69 Mo. 454, in which the court held that the twenty-two Howard County bonds held by Mrs. Dunnica, and sent out of the State to New York for safe-keeping and not to avoid taxation, were not taxable in Missouri, not being in or having a *situs* in Missouri at the time such bonds were assessed for taxation, although the owner was at the time a resident of Howard County, Missouri. Again in Sec. 11355, R. S. 1909, it is provided that personal property of an estate in charge of an administrator, executor, guardian or other person, shall be taxable by and for the benefit of the school district where the deceased resided at the time of his death, or in case of a minor, in the district in which the ward or owner resides on the first day of June of the year in which the assessment is made, but if the ward or owner is a non-resident of the county, then the property is taxable at the location of the date of the appointment of the guardian or other person. This, however, applies only to the estates of deceased persons and minors, and therefore is another recognition of the existence of the rule in Missouri that "tangible personal property is taxable as its *situs*," except when changed by statute. (8) The case of Plattsburg v. Clay, 67 Mo. App. 497, cited above, is an absolutely flat authority on our very question, the facts being almost identical. The only difference being that in the Plattsburg case they sought to tax the tan-

gible personal property which was not within the
city of Plattsburg, but having a separate *situs* outside
of the corporate limits, to the owner, who resided in
the city of Plattsburg, for city purposes, while in our
case it is sought to tax the tangible personal property
of appellant in the Lockwood School District (Lockwood
being a city of the fourth class), where he resides, in-
stead of in the rural school district where such property
has its actual *situs*. The statute then in force gave the
city of Plattsburg the right to tax property, real and.
personal, within the city. The word "located" used
by the court in rendering its decision in the Plattsburg
case is not in the statute then in force, nor has it ever
been in the statute. With the statute as shown above
the court held that these cattle were taxable at their
*situs* on the farm and not in the city of Plattsburg,
where the owner resided, and the court in reaching its
decision quotes the very able reasoning of Judge Bliss
in the case of State ex rel. v. St. Louis County Court,
47 Mo. 594. (9) The Constitution makes school dis-
tricts distinct and separate taxing entities, the same as
the State, the county and the cities, and the statutes
recognize the separate corporate entity of school dis-
tricts for taxing and all other purposes, hence it fol-
lows that any rule of law for the taxing of personal
property (not controlled by statute) is as applicable to
school districts as to State, county or city. School
District v. Bowman, 178 Mo. 658; Leavell v. Blades,
237 Mo. 700.

*Fred L. Shafer* for respondent.

BROWN, C.—This is a suit by the collector of the
revenue for Dade County to recover certain taxes amount-
ing to $17.92 for the use of Lockwood School District in
said county, for which judgment was given in his favor
by the circuit court, from which this appeal was taken. It
is submitted here upon an agreed statement of facts,
which is as follows:

It is stipulated and agreed between the parties
hereto that the facts in this case are as follows:

"1. That the defendant F. R. Pearson is now and was at the time of the levy and assessment of the taxes sued on in this action a resident of and in the Lockwood School District in the city of Lockwood, Dade County, Missouri; that at all such times he was and is the owner of a farm situate in School District No. —— in Dade County, Missouri, and that he was at all times mentioned the owner of horses, mules, cattle, hogs and other animals, and farming implements and tools, all of which were kept on and used in connection with said farm, which said farm defendant ran and operated, and that none of said property was ever in or kept in the said Lockwood School District; that the taxes herein sued for were assessed and levied against said stock and farm implements and tools to the defendant in Lockwood School District, Dade County, Missouri; that defendant protested against such an assessment and levy, for the reason that said property was located in and kept in said School District No. —— on his said farm and had its definite *situs* and *location* there, and for that reason defendant asked that said property be assessed and levied in said School District No. —— and not in the Lockwood School District, where such property had never been kept or located.

"2. That said taxes have not been paid by defendant, for the reason that same were assessed and levied in Lockwood School District instead of in School District No. —— where the same has at all times been kept on and used in connection with defendant's said farm."

The only question presented is whether the stock and implements kept and used on appellant's farm in another school district in the same county were taxable in the district of appellant's residence. If so the judgment must be affirmed. Otherwise it must be reversed.

While the taxation of property situated within the jurisdiction of the State is a matter of legislative concern, subject only to the limitations imposed by the Constitution, yet the statutes to which we must look

for the authority to exercise it are usually founded upon and embody certain principles to which we must look for aid in their interpretation. The fiction that the *situs* of personal property is the domicile of the owner, expressed in the maxim *"mobilia sequuntur personam"* has always been of extensive application, and this case depends largely upon the extent to which it has been adopted in the revenue laws of this State.

Section 11337, Revised Statutes 1909, provides that "all personal property of whatever nature and character, situate in a county other than the one in which the owner resides, shall be assessed in the county where the owner resides, except as otherwise provided by Section 11355."

This provision is a sweeping one so far as it establishes the doctrine that personal property, tangible as well as intangible, follows the owner for purposes of taxation. The county was considered the unit of taxing authority as to all personal property in the State, and considering this section alone it leaves no room for discrimination between school districts situate in other counties of the State than that in which the owner resides and those in the county of his residence.

Should it be suspected that the Legislature did not have school taxes in contemplation in the enactment of this section, we turn to Section 11355 to which it refers us, and find that the very question was considered. It provides that the taxation of personalty of decedents shall be by and for the school districts in which the decedent resided in such county at the time of his death, and that personalty in charge of guardians or others in the probate court shall be taxable by and for the school district in such county in which the ward or owner resides at the time fixed for the assessment.

These two sections (11337 and 11355) taken together, as they must be, in conformity with the terms of Section 11337, leave no possible doubt that it was the intention of the Legislature, well expressed, that all personal property shall be taxed for school pur-

poses in and for the school district in which the owner resides, with the single exception that the property of *non-resident* wards of the probate court of any county shall be taxed in and for the school district of its *situs* in that county.

This statutory rule is in conformity with the principle stated by this court in Leavell v. Blades, 237 Mo. 695, l. c. 707, that "it preserves intact the philosophy of taxation, which is that the protection of the law of the locality gives the right to tax the property, and that where that protection in nowise exists the right to tax fails." Upon this principle, the school facilities afforded at the home of the taxpayer would seem an important element in the justification of the tax.

In accordance with these views, and following our own holding in State v. Shepherd, 218 Mo. 656, the judgment of the circuit court is affirmed.

*Railey, C.,* concurs.

PER CURIAM:—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All of the judges concur.