# THE STATE ex rel. DOWELL, Collector, v. RENSHAW, Appellant.

## Division One, February 19, 1902.

1. **Taxation: RESIDENCE: QUESTION FOR JURY.** Where there is substantial evidence that the defendant was a resident of this State at the time he was assessed for taxes, and not of another State as he contended, the finding of the jury on that point will not be reviewed or disturbed.

2. ———: ———: **SITUS OF PROPERTY.** The evidence showed that the defendant carried the notes secured by mortgages in this State with him wherever he went, and when the interest became due or a payment was to be made he sent them for collection to a bank in a certain county. *Held*, his residence having been shown to be in the town where the bank was situated on the first of June of the year the assessment was made, the situs of the property was sufficiently established for the purpose of taxation in that county.

3. ———: **PETITION: IMPERFECT STATEMENT.** A petition which contains an imperfect statement of a good cause of action in a tax suit, is good after verdict, if no specific demurrer was filed thereto.

4. ———: ———: **PLEADING: CAUSE OF ACTION: NO DEMURRER: ORE TENUS: ARREST.** Where there was no demurrer to the petition, a ground assigned in the motion in arrest that the petition does not state a cause of action will be limited to the qualifications of that ground in such motion expressed; for instance, if the motion in arrest in a suit for taxes says "the petition does not state a cause of action because the action on the face of the petition was prematurely brought," appellant on appeal will not be heard to change this to "the petition does not state a cause of action because it does not expressly say that appellant was a resident of the county on the first day of June on the year the assessment was made."

5. ———: **TAXBILL: EVIDENCE.** A taxbill authenticated by the certificate of the collector and filed with the petition, setting forth the personal back taxes of defendant, is admissible in evidence, and establishes prima facie that the amount of taxes claimed in suit is just and correct.

6. ———: ———: **DELINQUENT LIST.** The delinquent lists do not have to be returned to the collector, and the tax-books to the county court,

and by it again delivered to the collector, before the tax becomes delinquent. Those requirements relate to settlements between the collector and the county court.

Appeal from Callaway Circuit Court.—*Hon. John A. Hockaday*, Judge.

AFFIRMED.

*D. P. Bailey* and *George Robertson* for appellant.

(1)   The petition does not state the cause of action. Wellshear v. Kelley, 69 Mo. 343; State ex rel. v. Hoyt, 123 Mo. 348; Thompson v. Gardner, 10 Johns. 404; Lockhart v. Houston, 45 Tex. 317; 2 Desty on Taxation, 692 and 706-712; R. S. 1899, secs. 9246, 9247, 9253, 9273, 9315.   (2)   The collector's taxbill read in evidence is not the bill required by law for personal taxes.   R. S. 1899, secs. 9246, 9247, 9253, 9273, 9315; State ex rel. v. Burr, 143 Mo. 209.   (3)   The notes of the defendant were not taxable in this State.   R. S. 1899, secs. 9121-9144, 9148; Constitution, sec. 3, art. 10; Rorer, Interstate Law (2 Ed.), 281; St. Louis v. Wiggins Ferry Company, 40 Mo. 580; Railroad v. Cass County, 53 Mo. 17; State ex rel. v. Hoyt, 123 Mo. 356; State Tax on Foreign-Held Bonds, 15 Wall. 319.   (4)   The defendant not being a resident of the State, the assessor had no jurisdiction to make the assessment, and the assessment is therefore void.   Abbott v. Lindenbower, 42 Mo. 162; Ins. Co. v. Charles, 47 Mo. 462; State ex rel. v. Hoyt, supra; Railroad v. Maguire, 49 Mo. 482; State ex rel. v. Railroad, 114 Mo. 1.   (5)   If the taxbill introduced in evidence created a prima facie case in favor of the State, then witness J. A. Harrison called in rebuttal by the State destroyed this prima facie case, as his testimony shows that, when making the assessment against defendant, it was not made in writing.   He made no such written statement as is required by sections 9144-9148, Revised Statutes 1899.   The assess-

ment he made is void. State ex rel. v. Railroad, 114 Mo. 11. (6) The verdict of the jury is contrary to the evidence, and a new trial should have been granted by the trial court. Bank v. Armstrong, 92 Mo. 265. Where there is no substantial evidence to establish the verdict the Supreme Court will reverse the judgment. Hewett v. Steele, 136 Mo. 327.

*R. D. Rodgers* for respondent.

(1) The taxbill is prima facie evidence that the amount of taxes therein set out is just and correct, and unless the prima facie case made thereby is overcome by other evidence, plaintiff is entitled to judgment. State ex rel. v. Hoyt, 123 Mo. 348; State ex rel. v. Sanford, 127 Mo. 372; State ex rel. v. Bank, 160 Mo. 640. (2) The petition need not set out all the steps required to be taken in order to make a valid tax. State ex rel. v. Rau, 93 Mo. 129. (3) The assessor had the authority to make out a list of appellant's property for assessment when appellant failed to make it out when requested to do so. R. S. 1899, sec. 9148; State ex rel. v. Spencer, 114 Mo. 574; State ex rel. v. Hoyt, 123 Mo. 353. Under such circumstances the valuation placed upon the property by the assessor is conclusive. State ex rel. v. Hoyt, 123 Mo. 356. (4) No rule of law is better settled in this State than that the jury are the exclusive judges of the weight and probative force of the evidence. Cape Girardeau v. Bruihl, 51 Mo. 144; Moore v. Pieper, 51 Mo. 157; Covey v. Railroad, 86 Mo. 636; State v. Jackson, 99 Mo. 60; Smith v. Railroad, 119 Mo. 252; Gannon v. Gas Co., 145 Mo. 516. (5) The petition is in the usual form and states a good cause of action. It need not set out all the steps. State ex rel. v. Rau, 93 Mo. 129. (6) As there was no objection made to said petition in the trial court, either by demurrer, objection to introduction of evidence or otherwise, its defects, if any, were cured by verdict. Bank v. Scalzo, 127 Mo. 188; Wellshear v. Kelly, 69 Mo. 350 (cited

by appellant); Jones v. Ins. Co., 55 Mo. 345; R. S. 1899, sec. 672; Shaler v. Van Wormer, 33 Mo. 387; Bowie v. Kansas City, 51 Mo. 461; Kersey v. Garton, 77 Mo. 645; Bank v. Leyser, 116 Mo. 73; Gustin v. Ins. Co., 164 Mo. 172. (7) The taxbill read in evidence was and is sufficient. State ex rel. v. Seahorn, 139 Mo. 588; State ex rel. v. Bank, 160 Mo. 645; State ex rel. v. Miller, 16 Mo. App. 539; State ex rel. v. Cunningham, 153 Mo. 651; R. S. 1899, secs. 9179, 9202, 9323. But the construction placed upon the testimony of J. A. Harrison, the assessor, by appellant, is not borne out by the record. Harrison said: "This list of $34,550 I got from the deeds of trust records in the recorder's office of Audrain county." The testimony of the assessor that he got a "list" would necessarily mean that it was done in writing. (8) Again, if the law requires the list to be made in writing, it then becomes the duty of the officer to make it in writing, and the law will presume that a public officer has properly discharged his duty. State ex rel. v. Hoyt, 123 Mo. 355; Mitchner v. Homes, 117 Mo. 211; Leonard v. Sparks, 117 Mo. 118; St. Joseph, etc., v. Farrell, 106 Mo. 441; State ex rel. v. Masten, 103 Mo. 512.

MARSHALL, J.—This is an action to recover back taxes, on personal property, for the year 1896. The defense is that the defendant was not, on June 1, 1895, a resident of Audrain county, and never had been such resident, but that he was at that time a resident of Albemarle county, Virginia. The court instructed the jury that the plaintiff could not recover if the defendant was a resident of Virginia at that time. The jury, however, found for the plaintiff, and the defendant appealed. The facts and the law will be discussed together for the sake of simplicity and for a better understanding of the case.

## I.

The defendant contends that there is no substantial evi-

dence that he ever was a resident of Audrain county, and, therefore, there is no fact to support the verdict, which is claimed to be the result of passion and prejudice.

The defendant's evidence tended to show that for about twenty-five years prior to 1886 he lived in Callaway county; that about 1886 he moved to St. Louis, where he remained until 1892, and while he lived in St. Louis he voted once or twice; that he had a married daughter, who lived in Howardville, Albemarle county, Virginia, and that in 1892, he and his wife visited her, and stayed with her as her guests during 1892 and 1893, but that during 1894 he went to his daughter's said home to live permanently, and lived there during the year 1894 and during the year 1895, until September 1, 1895, when he moved to Charlottesville, Albemarle county, Virginia, rented a house, remained there until 1898, when he returned to his daughter's home in Howardville, where he remained a short time, and then moved again to Charlottesville, where he has resided ever since; that he first registered as a voter in Virginia on March 10, 1896; attended the State Democratic Convention in 1896, as a delegate from Charlottesville; that he was assessed for taxes in Virginia for the year 1895; that in 1896 he made a return of personal property for taxes, in Charlottesville, Virginia, and was listed or assessed in 1897, but made no return, and was not assessed for 1898.

The evidence for the plaintiff showed that on March 31, 1894, the defendant came to Mexico, Audrain county, and boarded at the Ringo Hotel from that date until December 31, 1894, and that he returned on May 2, 1895, and remained until the latter part of July, 1895; that in 1894 he was in Callaway county, and the assessor of that county tried to assess him, but the defendant refused to be assessed in Callaway county, and said, "My home is in Mexico;" that in 1896 when the assessor in Virginia assessed him the defendant said he was assessed in Missouri; that in 1895 the defendant again told the former assessor of Callaway county that he was living

in Mexico; that after June 1, 1895, the assessor of Audrain county called upon the defendant, at the Mexico Savings Bank, where he usually transacted his business, through which bank he collected interest on loans he had outstanding in Audrain county, and in which bank he kept a deposit, and furnished him an assessment blank and asked him to make a return; that the defendant refused to do so, and said he was not a resident of Audrain county; that thereupon the assessor examined the records of the county and found that the defendant held mortgages amounting to $34,550 for money he had loaned in that county; that thereupon the assessor assessed him for that amount of personal property, and the defendant refusing to pay, this suit was brought.

Upon this showing it can not be said that there is no evidence to support the verdict of the jury, finding that on June 1, 1895, the defendant was a resident of Audrain county, but on the contrary the great weight of the evidence and the physical facts support the finding of the jury. Thus, on the defendant's showing he was a visitor at his daughter's home in Virginia during the years 1892 and 1893, and in 1894 he determined to take up his residence there permanently, and that he lived there in 1894 and 1895. As against this is the fact that he was actually in Mexico, boarding at the Ringo Hotel, from March 31st to May 22nd and from November 15th to December 31st, 1894, and also his own declaration to the assessor in 1894 that his home was in Mexico, and the fact that in 1895 he was actually in Mexico, stopping at said hotel, at intervals from May until August 23, 1895, and again told the ex-collector of Callaway county that he was still living in Mexico. And in addition, the further fact that he rented a house for the first time in Virginia on September 1, 1895, and became a registered voter there for the first time on March 10, 1896, and furthermore told the Virginia assessor in 1895 that he was assessed in Missouri.

This being the state of the evidence, the finding of fact

by the jury that the defendant was a resident of Audrain county on June 1, 1895, will not be reviewed or disturbed by this court.

## II.

The evidence shows that the defendant carried the notes secured by said mortgages with him wherever he went, and that when the interest or principal was to be paid he deposited or sent them for collection to the Mexico Savings Bank. This is sufficient to show that the personal property was physically in Mexico on June 1, 1895, and as that was found to be the defendant's residence at that date, that established the situs of the property for the purposes of taxation.

## III.

The defendant's next contention is that the petition does not state facts sufficient to constitute a cause of action, because it does not expressly state that the defendant was a resident of Audrain county on June 1, 1895.

Two complete answers to this contention are furnished by the record: first, the petition was not demurred to, *ore tenus*, at the beginning of the trial, and while the motion in arrest contains the ground that the petition does not state facts sufficient to constitute a cause of action, it qualifies and explains the point thereby called to the attention of the trial court, by the addition of the words, "because the action on the face of the petition is prematurely brought," thus limiting the general objection. The remainder of the motion in arrest relates to other specific objections, properly belonging to a motion for a new trial and not to a motion in arrest, e. g., that there was a variance between the *allegata* and *probata;* that upon the whole record the defendant is entitled to the judgment. And, second, because while the petition does not in words charge

that defendant was a resident of Audrain county on June 1, 1895, it does state that the collector called on him "at his place of doing business in said county of Audrain," and served him with an assessment blank, etc.    This, therefore, is an imperfect statement of a good cause of action, and the defendant not having demurred specially to the petition, it makes the petition good after verdict.    [Gustin v. Ins. Co., 164 Mo. l. c. 177.]

## IV.

The next contention is that the court erred in admitting in evidence a taxbill made out by the collector from the taxbook.    This bill was objected to for the reason that "it is not a taxbill within the contemplation of the law, and is not the taxbill sued on in this case, and is for different taxes than those declared on. in this petition, and does not represent the taxes sued for."

The taxbill is the same that was filed with the petition as "Exhibit A."    It contains, in tabulated form, all the items the petition charges the plaintiff is entitled to recover.    So that this disposes of all of the objections except that it is not a taxbill in contemplation of law.

Briefly stated the law in reference to the assessment and collection of taxes on personal property outside of St. Louis, so far as it is necessary to refer to it in this case is as follows: Section 7555, Revised Statutes 1889, requires the assessor to make out a "personal assessment book," and prescribes the form of the book.    Section 7571, Revised Statutes 1889, requires the assessor to deliver a fair copy of such book to the county court by the 20th of January, each year, and requires the clerk of the county court to make an abstract of such book and forward it to the State Auditor to be laid before the State Board of Equalization.    Section 7576, Revised Statutes 1889, requires the clerk of the county court to make a fair copy of

Vol 166 mo—44

the assessment book, authenticated by the seal of the court, for the use of the collector. Section 7598, Revised Statutes 1889, requires, as soon as may be after the tax-book of each year has been corrected and adjusted, and the amount of the county tax stated therein, the county court to deliver the tax-book to the proper collector, who is then required to receipt to the county clerk therefor; and the collector is charged by the clerk with the whole amount of the tax-books so delivered to him. Section 7608, Revised Statutes 1889, requires the collector to make diligent effort to collect the taxes. Section 7624, Revised Statutes 1889, provides that: "Whenever any collector shall be unable to collect any taxes specified on the tax-book, having diligently endeavored and used all lawful means to collect the same, he shall make lists thereof, one to be called the 'Personal Delinquent List,' " etc. Section 7625, Revised Statutes 1889, requires the said list to be posted. Section 7626, Revised Statutes 1889, provides: "Personal taxes assessed on and after June 1, 1887, shall constitute a debt for which a personal judgment may be recovered in the circuit courts of this State, against the party assessed with said taxes. All actions commenced under this law shall be prosecuted in the name of the State of Missouri, at the relation and to the use of the collector, and against the person or persons named in the taxbill, and said taxes shall be set forth in a taxbill of said personal back taxes, *duly authenticated by the certificate of the collector and filed with the petition, and said taxbill or bills so certified shall be prima facie evidence that the amount claimed in said suit is just and correct,"* etc.

The petition alleges substantially a compliance with all these provisions. The form of the taxbill filed with the petition is fully authorized by the provisions of section 7555, Revised Statutes 1889. It is made out and authenticated by the certificate of the collector. This being so, section 7626, Revised Statutes 1889, makes the taxbill prima facie evidence that the amount claimed in the suit is just and correct.

The defendant, however, claims that the tax does not become delinquent until after the collector has returned the delinquent lists (required to be made by section 7624) and the back-tax books (in St. Louis, the uncollected taxbills and the back-tax books) to the county court, as required by section 7627, Revised Statutes 1889, and until after the delinquent lists have been again delivered by the county court to the collector, as required by section 7653, Revised Statutes 1889.

This is a misapprehension. The purpose of these provisions is this: At the beginning of the year the tax-books (in St. Louis the taxbills) are delivered to the collector (sec. 7598) and he is charged with the whole amount of the taxes specified in the tax-book. On the first Monday in March of the next year, he is required to settle with the county court. He does this by returning the tax-book and delinquent list, and the amount shown thereby to have been uncollected, deducted from the total amount specified in the tax-books, shows how much cash he has collected, and the collector is then credited with the cash collected and the uncollected taxbills, and thus the charge of the full amount specified in the tax-book is balanced. Thereafter the delinquent list is again turned over to the collector and he is again charged with the whole amount thereof as so much cash, and at his next annual settlement this is returned and his account balanced as before.

But this is only for the purpose of effecting a settlement with the collector. It has nothing to do with the question of when the tax becomes delinquent and may be sued on as between the taxpayer and the State. Section 7605, Revised Statutes 1889, makes the tax delinquent after the first of January.

It follows that the circuit court properly held that the taxbill offered in evidence complied with the requirements of the law and made a prima facie case against the defendant.

The judgment of the circuit court is affirmed. All concur.