THE STATE ex rel. R. F. WHITE, Appellant, v. F. E. FENDORFF, Collector of the Revenue.—296 S. W. 787.

Division One, June 25, 1927.

1. **APPELLATE JURISDICTION: Revenue Laws.** A case involving the right of a collector of the revenue to demand a commission of four per cent, in addition to the amount of taxes due and one per cent per month as penalty after the date of delinquency, involves a construction of the revenue laws of this State, and this court has jurisdiction of an appeal from a judgment against the taxpayer, although the amount of the original tax assessed was only $24.05.

2. **TAXES: Back and Delinquent.** As used in Article 9 of Chapter 119, Revised Statutes 1919, the term "back taxes" means the same thing as "delinquent taxes," and both terms apply to taxes remaining unpaid on January 1st of year after the assessment was made, and at any time thereafter.

3. ———: **Delinquent Lists: Back Tax Book.** Under the statutes relating to delinquent or back taxes (Articles 8 and 9, Chap. 119, R. S. 1919), it cannot be ruled that unpaid taxes are not delinquent until the delinquent lists have been made up and turned over to the county court, and corrected, made up into a back tax book and certified back to the collector; but those requirements, found in Section 12910, affect only a settlement between the collector and the county court, and have nothing to do with the question when the tax becomes delinquent.

4. ———: **Delinquent: Collector's Commission.** Taxes which are not paid during the year for which they are assessed become delinquent on the first day of the following January, and for collecting taxes on any date after they become delinquent the county collector is entitled to a commission of four per cent, in addition to the amount of the taxes assessed and a penalty of one per cent per month after they become delinquent.

5. **STATUTORY CONSTRUCTION: By Executive Officers.** The construction placed upon revenue laws by public officials charged with their en-

forcement is not binding upon the courts, but is strongly persuasive of their true meaning when made through a long series of years by such officers of every grade and has been constantly uniform.

---

Corpus Juris-Cyc. References: Courts, 15 C. J., Section 511, p. 1079, n. 51. Statutes, 36 Cyc., p. 1140, n. 64. Taxation, 37 Cyc., p. 1158, n. 26; p. 1197, n. 78.

Appeal from Miller Circuit Court.—*Hon. Henry J. Westhues,* Judge.

Affirmed.

*R. F. White* for appellant.

(1)   Article 8, Chap. 119, R. S. 1919, provides for the collection of all taxes "except back taxes" and for compensation therefor. Compensation is fixed by Section 12927, for "all taxes except back taxes." All collections made before the return of "delinquent lists" on the first Monday in March, are made under this article and the compensation fixed by this article is the only compensation legally provided for. On first Monday in March all taxes not collected are returned to the county court as a "delinquent list." Secs. 12930, 12934, 12910, R. S. 1919.   (2)   Article 9 of said Chapter 119 provides for the collection of all "back taxes." Back taxes are defined in Section 12929 of said article, as "taxes which have been heretofore returned delinquent." After the return of delinquent lists "back-tax books" are made; such delinquent tax then becomes "back taxes." Secs. 12929, 12935, R. S. 1919. Said Article 9 proceeds with provisions for the collection of such "back taxes" by suit and levy, and provides, Section 12959, for the extra compensation to the collector among other fees for services rendered "under this article," such compensation "to be taxed as costs and paid by the party redeeming."

*W. S. Stillwell, John A. Gilbreath* and *George F. Longan* for respondent.

(1)   Article VIII has to do with the collection of the current tax, the settlements of the collector and the commission to be retained by him (Sec. 12927) from the revenue collected, which especially excepts his compensation for collecting back taxes.   (2)   Article IX relates to "delinquent and back taxes," and the first section under this article (Sec. 12928) provides that "all real estate upon which

the taxes remain unpaid on the first day of January, annually, shall be deemed delinquent.'' Section 12932 of the same article provides that ''for the purpose of this chapter, personal tax bills shall become delinquent on the first day of January following the day when said bills are placed in the hands of the collector. Then follows certain sections defining the duties of the collector with respect to the collection of the delinquent and back tax, the article concluding with Section 12959 allowing the collector for his services rendered under the provisions of said article, four per cent on all sums collected to be taxed as costs and collected from the taxpayer. (3) Taxes become delinquent on January 1st following the year for which they were levied. Secs. 12928, 12932, R. S. 1919; State ex rel. v. Fulks, 247 S. W. 129. (4) The collector is entitled to a commission of four per cent on delinquent tax to be paid by the taxpayer. Sec. 12959, R. S. 1919; State ex rel. v. Hawkins, 169 Mo. 615; Dameron v. Hamilton, 264 Mo. 121; Hethcock v. Crawford County, 200 Mo. 170.

GRAVES, P. J.—This is an appeal from a judgment of the Circuit Court of Miller County quashing its alternative writ of mandamus issued at the relation of appellant.

The petition for mandamus after setting out that the appellant was a resident taxpayer of Miller County, Missouri, and that the respondent was the duly elected, qualified and acting Collector of the Revenue of Miller County, Missouri, alleges that there was levied against appellant's property for the year 1923 the sum of $24.05 as taxes; that appellant on January 18, 1924, remitted to respondent the sum of $24.33, being the tax assessed as aforesaid plus the sum of twenty-five cents for the one per cent penalty fixed by Section 12906, Revised Statutes 1919; that the respondent returned said remittance and refused to accept the same, but demanded an additional sum of ninety-seven cents; that on February 11, 1924, the appellant made a cash tender to respondent at his office of the sum of $24.58, being the tax aforesaid, plus two months' penalty as fixed by Section 12906; and that respondent refused to accept the payment of said taxes and penalties so tendered. The prayer was for a writ of mandamus compelling the acceptance of the tender, and for the issuance of a receipt therefor.

The trial court issued its alternative writ of mandamus in due form, to which the respondent made return in due time.

The return of respondent admits that appellant was a resident and taxpayer of Miller County, and that respondent was the duly elected, qualified and acting Collector of the Revenue of Miller County; that taxes in the sum of $24.05 were assessed on real and personal property of appellant for the year 1923; that appellant on February

11, 1924, made tender of the sum of $24.58 in extinguishment of said tax lien; and that respondent refused to accept the same.

Further answering the respondent alleged that appellant's taxes became delinquent from and after January 1, 1924, under the provisions of Sections 12928 and 12932, Revised Statutes 1919, and that in addition to the one per cent per month penalty (in the form of an additional ·tax to be duly accounted for and turned over by the collector as provided for by Section 12906)· respondent was entitled, as an emolument of his office, to a fee of four per cent on the sum collected under the provisions of Section 12959, Revised Statutes 1919, which amount of said fee appellant did not include in his tender; and that before appellant could have lawfully demanded his tax receipt he should have tendered the amount of said fee.

The case was submitted on the pleadings with the judgment of the trial court as heretofore stated. A motion for new trial in proper form preserving the appellant's contention was timely filed, and upon being overruled by the court *nisi* this appeal was duly taken and the cause lodged here. The case involves the construction of the revenue laws of the State, hence our jurisdiction. [State ex rel. v. Hawkins, 169 Mo. 615.] Our late and much-lamented Brother LAMM reviews all the cases on question of jurisdiction in State· ex rel. v. Adkins, 221 Mo. 1. c. 114 to 118, and sustains the Hawkins case, supra.

I.    There is but one question for decision in this case, and that is, at what time does the collector of revenue become entitled to the

**Question for Decision.**

fee of four per centum under the provisions of Section 12959?

The contention of the appellant is that the collector is not entitled to this fee until after the delinquent lists have been made up and turned over to the county court, on the first Monday in March, under the provisions of Sections 12910 and 12930, Revised Statutes 1919, and corrected, made up into a back-tax book and certified back to the collector under the provisions of Sections 12934 and 12935, Revised Statutes 1919; and that said fee allowed by Section 12959 only applies to *back taxes* in the light of Section 12929, Revised Statutes 1919. The respondent contends that he is entitled to the fee on and after January 1st on taxes delinquent on that date under the provisions of Sections 12928 and 12932, Revised Statutes 1919.

Section 12927, Revised Statutes 1919, provides that the collector shall receive as full compensation for his services in collecting the

revenue, *except back taxes*, certain fees in accordance with the total
amount of taxes levied in his county.     This is the
last section of Article 8, Chapter 119, Revised Statutes
1919, which begins with Section 12875.     The compensa-
tion fixed by Section 12927 is for taxes collected before delinquency.

**Collector's Commission.**

It is true that Section 12910 is a part of Article 8 for which
Section 12927 fixes the compensation of the collector for collecting
the revenue, and that Section 12910 provides for the return of the
delinquent lists and back-tax books to the county court on the first
Monday in March.     Appellant's contention is that the duty of so
making up the delinquent list and reporting the same to the county
court is one that is compensated under Section 12927.     We have
held that this section (12910) was only for the purpose of effecting
a settlement between the collector and the county court.     In State
ex rel. v. Renshaw, 166 Mo. 682, we said of this very section, at page
691:

"The defendant, however, claims that the tax does not become
delinquent until after the collector has returned the delinquent lists
(required to be made by Section 7624) and the back-tax books (in
St. Louis, the uncollected tax bills and the back-tax books) to the
county court, as required by Section 7627, Revised Statutes 1889,
and until after the delinquent lists have been again delivered by the
county court to the collector, as required by Section 7653, Revised
Statutes 1889.

"This is a misapprehension.     The purpose of these provisions is this:
At the beginning of the year the tax-books (in St. Louis the tax bills)
are delivered to the collector (Sec. 7598) and he is charged with
the whole amount of the taxes specified in the tax-book.     On the
first Monday in March of the next year, he is required to settle with
the county court.     He does this by returning the tax-book and delin-
quent list, and the amount shown thereby to have been uncollected,
deducted from the total amount specified in the tax-books, shows
how much cash he has collected, and the collector is then credited
with the cash collected and the uncollected tax bills, and thus the
charge of the full amount specified in the tax-books is balanced.
Thereafter the delinquent list is again turned over to the collector
and he is again charged with the whole amount thereof as so much
cash, and at his next annual settlement this is returned and his ac-
count balanced as before.

"But this is only for the purpose of effecting a settlement with
the collector.     It has nothing to do with the question of when the
tax becomes delinquent and may be sued on as between the taxpayer
and the State.     Section 7605, Revised Statutes 1889, makes the
tax delinquent after the first of January."

Hence, in view of the above, the logical conclusion is that as Section 12910 is only for the purpose of effecting a settlement between the collector and the county court, and has nothing to do with the question of when a tax becomes delinquent, it therefore does not apply to any duty of the collector that is solely compensated by Section 12927.

Section 12928, which is the first Section of Article 9, Chapter 119, Revised Statutes 1919, provides that all real estate upon which taxes shall remain unpaid on the first day of January, annually, shall be deemed delinquent, and the collector shall proceed to enforce the lien of the State thereon.

Section 12932, a part of Article 9, says that for the purpose of this chapter personal tax bills shall become delinquent on the 1st day of January following the day when said bills are placed in the hands of the collector.

Section 12959, the last section of Article 9, provides that fees shall be allowed *for services* rendered under the provisions of this article, and sets out the per centum to be allowed on all sums collected.

There is no distinction in this last section for fees allowed for the collection of "back taxes" or "delinquent taxes." It merely says for services rendered under the article, and it seems clear that the Legislature meant any service performed under the article. We have held in construing Section 12932 that the tax became delinquent on January 1st of each year. [State ex rel. v. Renshaw, 166 Mo. 682, l. c. 691.] This same construction necessarily applies to Section 12928. Therefore with both real and personal taxes becoming delinquent on January 1st the penalty of one per centum per month accrues under the provisions of Section 12906. Beginning with January 1st the collector has the duty of collecting this penalty, which is in the nature of an additional tax, and of computing, apportioning and accounting for the same. This section (12906) fixing this penalty of one per centum per month is a part of Article 8, but it specifically postpones the duty of computing, collecting and accounting of it until after January 1st, and Sections 12928 and 12932 (both in Article 9) fix January 1st as the date of delinquency when this penalty accrues, and places the duty on the collector to enforce the lien thereof. Section 12906 from its context seems to treat this penalty as something different from the ordinary undeliquent taxes for which the fees allowed by Section 12927 are applicable. Also Section 12906 sets up the method of effecting a settlement for the penalty between the county court and the collector. It seems clear that the collection of the penalty provided for by Section 12906, after January 1st, is the enforcement of the lien of the State made the duty of the collector by Sections 12928 and 12932, and that this duty begins on January 1st and entails labor on the part of the collector prior to the first

Monday in March which would be a *service* within the meaning of Section 12959. In reading Article 8 it seems to relate to the duties of the collector and the collection of taxes before the delinquency date of January first, and that January 1st is the line of demarcation between Article 8 and Article 9, and that Article 9 deals with the duties of the collector and the collection of taxes after January 1st.

Another contention of the appellant is that the fee of four per centum provided for by Section 12959 only applies to "back taxes" in view of the exception stated in Section 12927, Article 8, and in view of Section 12929 of Article 9. As we said before, Section 12959 (Article 9) makes no distinction, as to the fee, between "delinquent" and "back taxes," but says that the fee shall be allowed for *all services* rendered under the article, and the other sections of the article make no such distinction. Section 12928 (the first section in Article 9) declares when the taxes become delinquent, and imposes the duty on the collector to enforce the lien of the State thereon. Section 12929 (the second section in Article 9) re-declares and retains the lien of the State of taxes on any real estate theretofore delinquent, whether said real estate has been forfeited to the State or not, and that said taxes shall be deemed and held back taxes. In reading these and the other sections of this article it seems clear that the term "back tax" means the same as "delinquent tax," and that the Legislature had no intention to make a distinction between the two terms, and that both terms apply to taxes remaining unpaid on January 1st of the year after which the assessment was made, and at any time thereafter. For example Section 12936 of Article 9 speaks of back taxes in one place and of delinquent taxes in another, with both expressions referring to the same subject-matter. Section 12937 of Article 9 speaks of the collection of "delinquent taxes" that were listed on the back-tax books. Section 12941 of Article 9 in declaring that collectors shall proceed to collect taxes in such "back-tax books" later on refers to the time they first become delinquent. Other examples could be pointed out to the effect that the term "back tax" and "delinquent tax" had the same meaning in the mind of the Legislature. We cannot construe the exception expressed in Section 12927, Article 8, as a limitation upon the compensation allowed by Section 12959, Article 9. No such intent is shown by the reading of these statutes.

The collector was entitled to his fee of four per centum in this case, as we construe the statute, which accrued to him on January 1, 1924.

II. We feel that the above is a reasonable construction of patchwork pieces of legislation. The law-makers have from time to time added to and taken from our revenue statutes, and this has not al-

ways been done with a careful discrimination.  But for years the
conclusion we have reached, after a study of the

**Executive**       divers sections, accords with the construction given
**Construction.**    these laws by the public officials, engaged in the en-
forcement of the laws, for a great many years.  Construction by
public officials (and in this case the construction runs down from
the office of Attorney-General to officials of lesser dignity) is not
binding upon the courts, but is at least strongly persuasive.  Thus
in State ex rel. v. Trustees of William Jewell College, 234 Mo. l.
c. 318, we said:

"In addition, we have the construction placed upon the act by
officials for the past half century.  It is true that such construction
is not absolutely binding upon the courts, but it is at least strongly
persuasive.  Until the levy for the taxes in suit no official had failed
to look upon this statute as one of absolute exemption.  As said in
Westerman v. Knights of Pythias, 196 Mo. l. c. 708, this construc-
tion is by no means conclusive, yet it is at least persuasive in effect.
Considering all things, we think the construction given by the trial
court, in this an exceedingly close case, is the proper one."

So also in the recent case of State ex rel. Union Electric & Power
Co. v. Baker, 316 Mo. 853, this court said:

"Through all these years this statute has been uniformly adminis-
tered by respondents in accordance with its provisions without ques-
tion as to its meaning, until the present suit arose apparently out of
relator's exception to the valuation placed by respondents on this
class of relator's property.  The executive construction thus placed
on this statute is also entitled to great consideration.  The doctrine
is thus stated in 36 Cyc. pages 1140-1141:

" 'The construction placed upon a statute by the officers whose duty
it is to execute it is entitled to great consideration, especially if such
construction has been made by the highest officers in the executive
department of the government, or has been observed and acted upon
for many years, and such construction should not be disregarded or
overturned unless it is clearly erroneous.' "

We are of opinion that this official construction accords with the
legislative intent, as such intent is indicated by our review of the
sections.  It follows from what we have said that the judgment of
the trial court should be affirmed.  It is so ordered.  All concur.