STATE EX REL. A. L. DAVIDSON, Collector, etc., v. ST. LOUIS-SAN FRANCISCO RAILWAY COMPANY, a Corporation, Appellant.—66 S. W. (2d) 149.

Division One, December 6, 1933.

128

*E. T. Miller* and *Ward & Reeves* for appellant.

*George Smith* for respondent.

GANTT, J.—Action to recover the balance of a commission alleged to be due plaintiff as *ex officio* County Collector of Dunklin County on the collection of taxes assessed against defendant in said county for the year 1931.

In substance, the petition alleged that Dunklin County was under township organization; that defendant owed $27,443.39 taxes assessed for the year 1931; that said taxes remained unpaid on January 1, 1932, and became delinquent; that in May, 1932, defendant paid to plaintiff said taxes with accrued penalty thereon and $274.43 as commission due plaintiff and that said payments were accepted, subject to plaintiff's claim for an additional amount as commission.

The petition further alleged that plaintiff was entitled to five per cent commission on the taxes and interest paid, which amounted to $1430.49; that on crediting defendant with $274.43 paid as commission there remained due plaintiff $1156.06, for which he prayed judgment.

The answer admitted all the allegations of the petition, except the claim of plaintiff for $1156.06 as additional commission for collecting said taxes. It further alleged that defendant paid all the taxes, penalties and commissions due on said assessment againt defendant.

Thereupon plaintiff filed a motion for judgment on the pleadings. The motion was sustained and judgment entered for the $1156.06. Defendant appealed.

The compensation of the treasurers as *ex officio* county collectors for collecting taxes assessed against railroads in counties under township organization is fixed by Section 12316, in Chapter 86, Revised Statutes 1929, providing for township organization. The pertinent part of said section follows:

". . . the county collector (treasurer) for collecting and paying over the same (taxes) shall be allowed a commission of two per cent on all corporation taxes, back taxes, licenses, merchants' tax and tax on railroads, and five per cent on all delinquent taxes, which shall be taxed as costs against such delinquents and collected as other taxes: *Provided,* he shall receive nothing for paying over money to his successor in office."

The word "commission" is without technical meaning. As used in this section it means a compensation of two per cent payable from the tax collected. Of course, the Legislature would not charge the two

per cent against the taxpayer if the tax was paid before it became delinquent. The five per cent is expressly charged against the delinquent. The meaning of other provisions of the section is not so easily determined. For instance, the section is ambiguous from the use of the words "back taxes" in the first clause, and the words "delinquent taxes" in the second clause of the above part of the section.

Plaintiff argues that "back taxes" and "delinquent taxes" have the same meaning, citing State ex rel. White v. Fendorf, 317 Mo. 579, 296 S. W. 787. In that case we held that said words in Articles VIII and IX, Chapter 59, Revised Statutes 1929, relating to taxation and revenue have the same meaning. However, that ruling is not conclusive as to the meaning of said words as used in Section 12316 in Chapter 86, Revised Statutes 1929, relating to township organization. The meaning of said words in said section was not under consideration in that case.

The above-quoted section (12316) when enacted in 1881 did not contain the words "back taxes." It was carried in the revisions without amendment until 1911 when it was amended by adding said words. [Acts of 1911, p. 425.]

It is clear that, by the amendment, the Legislature intended to change the commission allowed *ex officio* county collectors. Under the section as originally enacted, said collectors were allowed five per cent for collecting delinquent corporation, merchant, license and railroad taxes. He also was allowed five per cent for collecting taxes returned uncollected to the county courts by the township collectors. In construing said section it should be noted that under township organization the personal and real estate taxes are collected by township collectors, who make annual settlements with the county courts on the first of March. Thereafter the delinquent taxes returned by the township collectors are made into a delinquent list, or back tax book, and delivered to the *ex officio* county collectors for collection. It should also be noted that the current and delinquent corporation, merchant, license and railroad taxes are collected by the *ex officio* county collectors. The township collectors are without authority to collect said taxes. The railroad taxes referred to in Section 12316 are not listed in the back tax book. They are charged against the railroad in the railroad tax book before they become due. This book is then delivered to the *ex officio* county collector for the collection of said taxes and he retains the same until said taxes are collected. [Secs. 10030, 10032 and 12312, R. S. 1929.]

We think the words "back taxes" as used in the amended section have reference to delinquent corporation, merchant, license and railroad taxes and that it was intended by the amendment to allow the *ex officio* county collectors the same commission for collecting said delinquent taxes as allowed for collecting current corporation, mer-

chant, license and railroad taxes. In effect, the amendment provided a commission of two per cent for collecting either current or delinquent corporation, merchant, license and railroad taxes. If so, the words "delinquent taxes" as used have reference to the taxes returned delinquent by the township collectors. We are confirmed in this view by the separate procedure provided in the general revenue laws for the assessment and collection of taxes against railroads. [Art. XIII, Chap. 15, R. S. 1929; Secs. 10011 to 10051, inclusive.] The compensation of county collectors for collecting railroad taxes under this article is fixed by Section 10044, which follows:

"The county collector shall be allowed for collecting the railroad taxes, payable out of the same, one per centum on all sums paid without seizure of personal property; and on all collections made by seizure of personal property, he shall be allowed five per centum on the amount, which shall be taxed or charged as costs and paid by the railroad company; and on all collections made by suit against such company or companies two per centum on the amount, to be paid as costs by the defendant."

It will be noted that under this section of the general revenue law enacted in 1879, county collectors are allowed only one per cent for collecting either current or delinquent taxes, payable from the taxes collected, unless suit is brought or personal property seized. If suit is brought, he is allowed two per cent, charged against the delinquent. If personal property of the railroad is seized, he is allowed five per cent, charged against the delinquent.

As stated, under Section 12316 of the township organization law, *ex officio* county collectors, before the amendment of said section by adding the words "back taxes," were allowed five per cent for collecting delinquent railroad taxes, charged against the delinquent.

We think the Legislature intended by so amending Section 12316 to in some measure harmonize the compensation of *ex officio* county collectors for collecting railroad taxes under township organization with the compensation of county collectors for collecting railroad taxes under the general revenue law.

The sections relate to the same subject, and, although in different chapters, should be considered together in construing Section 12316. [In the matter of State ex rel. Bank v. Davis, 314 Mo. 373, l. c. 388, 284 S. W. 464.]

If, as argued by plaintiff, the words "back taxes" and "delinquent taxes," as used in Section 12316, have the same meaning, provision is made for a payment of two per cent for collecting delinquent railroad taxes, and also a payment of five per cent for collecting said delinquent taxes. In view of the commission allowed for collecting railroad taxes under the general revenue law, as provided in Section 10044, we do not think the Legislature intended by the provisions of Section 12316 to allow a commission of seven per cent for collecting

railroad taxes. It would be unreasonable to so construe Section 12316.

The defendant paid plaintiff a commission of one per cent, although there was no suit or seizure of personal property. We think it did so on the theory that in construing Section 12316 with Section 10044 it might be held that only one per cent of the two per cent commission provided in Section 12316 should be paid from the taxes collected.

The judgment should be reversed. It is so ordered. All concur, except *Atwood, J.*, who dissents in separate opinion.

ATWOOD, J. (dissenting). The judgment of the trial court and the majority opinion of this court both proceed on the theory that the provisions of Section 12316, Revised Statutes 1929, original enactment Laws 1881, page 225, are applicable and controlling as to compensation of county collectors in the collection of railroad taxes.

Section 10044, Revised Statutes 1929, is a special law relating to the compensation of county collectors for collecting railroad taxes, first appearing as Section 6894, Revised Statutes 1879, being a part of Chapter VIII entitled "Assessment and Taxation of Railroads" which dealt specially and solely with this particular subject and constituted a separate article of Chapter 145 entitled "Assessment and Collection of the Revenue." This section was carried forward into each subsequent revision without change either in phraseology or position. While Section 12316 applies only to collectors in counties having township organization it is a general law with respect to taxes in such counties because it purports to cover all taxes that should be collected by such county collector. If a conflict arises between provisions of a general law and a special law that cannot be reconciled the conflicting provisions of the special law will prevail. "Where the special statute is later, it will be regarded as an exception to or qualification of, the prior general one; and where the general act is later, the special will be construed as remaining an exception to its terms, unless it is repealed in express words or by necessary implication." [In re Tevis v. Foley, 325 Mo. 1050, 1054, 30 S. W. (2d) 68; State ex rel. Buchanan County v. Fulks, 296 Mo. 614, 626, 247 S. W. 129; State ex inf. Barrett v. Imhoff, 291 Mo. 603, 617, 238 S. W. 122.]

Apparently recognizing the necessity of reconciling the conflicting provisions of these two statutes if the general statute is to be held controlling the writer of the majority opinion undertakes to do so by what appears to me to be a strained, unwarranted and disrupting construction of Section 12316.

As originally enacted in 1881 what is now Section 12316, Revised Statutes 1929, read as follows:

"The county treasurer in counties adopting township organization shall be allowed a salary by the county court as at present provided

by law; the county collector for collecting and paying over the same shall be allowed a commission of two per cent on all corporation taxes, licenses, merchants' tax and tax on railroads, and five per cent on all delinquent taxes, which shall be taxed as costs against such delinquents and collected as other taxes: *Provided,* he shall receive nothing for paying over money to his successor in office.''

Bearing in mind that in counties adopting township organization the county treasurer and *ex officio* collector is the only officer ever charged with the collection of corporation, license, merchant and railroad taxes, and that he is not charged with the collection of other taxes until after they have become delinquent and the township collectors have made their settlements with the county court, the plain meaning of this statute as originally enacted was that county collectors should receive a commission of two per cent on all of the four classes of taxes first enumerated whenever collected, to be paid out of the funds collected, and five per cent on all delinquent taxes, the latter to be taxed as costs and paid by the taxpayer. Section 6751, Revised Statutes 1879, carried forward with some changes into Revised Statutes 1929, as Section 9914, indicates January 1 next ensuing after the levy of taxes as the delinquent date for all taxes then unpaid. So, it seems clear that after January first county collectors were entitled to five per cent to be paid by the taxpayer on all taxes, regardless of class, that were then due and unpaid and thereafter collected by him, as well as the two per cent on the four classes first mentioned ''for collecting and paying over the same.''

Section 12316 was amended in 1911, Laws 1911, page 425, merely by insertion of the words ''back taxes'' between the words ''taxes'' and ''licenses.'' It is said in the majority opinion: ''It is clear that, by the amendment, the Legislature intended to change the commission allowed *ex officio* county collectors.'' Undoubtedly this is true, and I think the obvious purpose and effect of this simple amendment was to increase the aggregate commissions of such collectors by allowing them two per cent on all back taxes ''for collecting and paying over the same,'' payable therefrom just as in the case of corporation, license, merchant and railroad taxes before the amendment. But the majority opinion, without assigning any reason therefor, apparently adopts the view that the purpose of the amendment was to cut down the commissions of such collectors by depriving them of the five per cent they were previously entitled to on delinquent corporation, license, merchant and railroad taxes. In order to reach this conclusion the words ''back taxes,'' which were evidently used only for the purpose of bringing another kind or class of taxes within the application of the two per cent commission clause, are artifically construed as an adjective clause modifying the four classes of taxes originally contained therein.

Such a forced reconciliation of Sections 10044 and 12316 disrupts

the preexisting plan of compensation as to at least three classes of taxes and does violence to the plain meaning of the words "back taxes." As I view this case it should be determined by treating the above conflicts as irreconcilable and Section 10044 as controlling.

For the reasons above stated I respectfully dissent.