Honorable Thomas M. Keyes State Auditor State Capitol Building Jefferson City, Missouri 65101
Dear Mr. Keyes:
This is in response to your opinion request. We have consolidated your request into the following questions:
 Under Section 54.320, RSMo Supp. 1975, ex officio collectors are entitled to certain commissions, what are they?
 What is the commission of an ex officio collector on taxes, delinquent or current, paid by a telephone company?
 Does Section 151.280, RSMo 1969, relating to railroad taxes and fees of county collectors apply also to the commission of ex officio collectors?
 Prior to the enactment of Section 54.320, RSMo Supp. 1975, did Section 52.260 (14) and (15), RSMo 1969, apply to ex officio collectors?
We understand that under Section 54.320 the ex officio collectors of counties having township organizations contend that they are authorized to charge a two percent commission on all delinquent taxes including delinquent corporation, merchants' license, and railroad taxes and charge a three percent commission on the same delinquent taxes, making the total commission charged on all delinquencies five percent.
The statutes which are applicable to all of your questions are:
Section 54.320, RSMo Supp. 1975:
 "The county treasurer in counties of the third and fourth classes adopting township organizations shall be allowed a salary of not less than one hundred dollars per month by the county court to be paid as at present provided by law; the ex officio collector for collecting and paying over the same shall be allowed a commission of three percent on all corporation taxes, back taxes, licenses, merchants' tax and tax on railroads, and two percent on all delinquent taxes, which shall be taxed as costs against such delinquents and collected as other taxes; he shall receive nothing for paying over money to his successor in office. Other provisions of law to the contrary notwithstanding, the total compensation of ex officio collectors shall not exceed the sum of ten thousand dollars annually, which maximum amounts shall include the costs of any deputy or assistants employed; except that, in all counties wherein the total amount levied for any one year exceeds two million dollars and is less than four million dollars, the ex officio collector shall present for allowance proper vouchers for all disbursements made by him on account of salaries and expenses of his office and other costs of collecting revenue, which shall be allowed as against the commissions collected by him; and out of the residue of commissions in his hands, after deducting the amounts so allowed, the ex officio collector may retain a compensation for his services not to exceed ten thousand dollars per year; and except that, the maximum compensation herein provided shall not be applicable to ex officio collectors in counties wherein the total amount levied for any one year exceeds four million dollars. The limitation on the amount to be retained as herein provided applies to fees and commissions on current taxes, but does not apply to commissions on the collection of back and delinquent taxes and ditch and levee taxes. All fees or commissions received by the ex officio collector in excess of the maximum amounts provided herein to be retained as compensation shall be paid into the county treasury."
Section 137.425.1, RSMo 1969:
 "In all counties which adopt township organization, township taxes for township purposes may be levied on the taxable property in the townships for the first year following the adoption of township organization, based on the assessment made in the year for which the taxes are levied."
Section 137.475, RSMo 1969:
 "The county clerk shall cause a copy of the assessment roll of each township in their respective counties, with the taxes extended thereon, to be delivered to the collector of such township, on or before the day in each year, as fixed by law, when taxes become due, or, if the county court determines that a copy of the assessment roll is unnecessary, the clerk shall deliver the original assessment rolls with the taxes extended thereon to the collector."
Section 139.320.1, RSMo 1969:
 "To each assessment roll a warrant under the hand of the county clerk and seal of the court shall be annexed, commanding such collector to collect from the several persons named in the assessment roll the several sums mentioned in the last columns of such roll, opposite their respective names; the warrant shall direct the collector, out of the moneys collected, after deducting the compensation to which he may be lawfully entitled, to pay over to the county treasurer the state and county tax collected by him."
Section 139.350, RSMo 1969:
 "Every ex officio township collector, upon receiving the tax book and warrant from the county clerk, shall proceed in the following manner to collect the same; and he shall call at least once upon the person taxed at his or her place of residence, if in the township for which such collector has been chosen, and shall demand payment of the taxes charged to him or her, on his or her property; for which, when paid, such receipt shall be given as is provided by law."
Section 139.420.1, RSMo 1969:
 "The township collector of each township, at the term of the county court to be held on the first Monday in March of each year, shall make a final settlement of his accounts with the county court for state, county, school and township taxes; produce receipts from the proper officers for all school and township taxes collected by him, less his commission; pay over to the county treasurer and ex officio collector all moneys remaining in his hands, collected by him on state and county taxes; make his return of all delinquent or unpaid taxes, as required by law,
and make oath before the court that he has exhausted all the remedies required by law for the collection of such taxes." (Emphasis added)
Section 54.280, RSMo 1969:
 "The county treasurer of counties having adopted or which may hereafter adopt township organization shall be ex officio collector, and shall have the same power to collect all delinquent personal property taxes, licenses, merchants' taxes, taxes on railroads and other corporations, the delinquent or nonresident lands or town lots, and to prosecute for and make sale thereof, the same that is now or may hereafter be vested in the county collectors under the general laws of this state. The ex officio collector shall, at the time of making his annual settlement in each year, deposit the tax books returned by the township collectors in the office of the county clerk, and within thirty days thereafter the clerk shall make, in a book to be called `the back tax book,' a correct list, in numerical order, of all tracts of land and town lots which have been returned delinquent by said collectors, and return said list to the ex officio collector, taking his receipt therefor."
Section 151.280, RSMo 1969:
 "The county collector shall be allowed for collecting the railroad taxes, payable out of the same, one percent on all sums paid without seizure of personal property; and on all collections made by seizure of personal property, he shall be allowed five percent on the amount, which shall be taxed or charged as costs and paid by the railroad company; and on all collections made by suit against such company or companies two percent on the amount, to be paid as costs by the defendant; provided, that in all counties of class one and the city of St. Louis the collector shall pay such fees into the county or city treasury as provided by law." (Emphasis added)
In response to your first question, you have cited in your opinion request the case of State ex rel. Davidson v. St. Louis-SanFrancisco Ry. Co., 66 S.W.2d 149 (Mo. 1933). We have examined this case and find no subsequent cases in point on the issues in that case.
We believe that this case is significant in terms of the questions raised in this request. It should be noted that at the time this opinion was written the Missouri Supreme Court relied on sections of law which appeared in the Revised Statutes of 1929. These sections correspond to a number of sections above cited which are the current law in Missouri. Thus, we have a Supreme Court case which defines relevant sections of law which have been repealed and reenacted in this state. The relevant current section of law above described is Section 54.320 which in part says:
 ". . . the ex officio collector for collecting and paying over the same shall be allowed a commission of three percent on all corporation taxes, back taxes, licenses, merchants' tax and tax on railroads, and two percent on all delinquent taxes, which shall be taxed as costs against such delinquents and collected as other taxes; he shall receive nothing for paying over money to his successor in office. . . ."
The question today is the same as it was in 1933. What did the legislature intend when they used the words "back taxes" and thereafter used the language "delinquent taxes" in Section 54.320? In the case of State ex rel. Davidson v. St. Louis-San FranciscoRy. Co., supra at 150, the court made it clear that "back taxes" and "delinquent taxes" have the same meaning. The court went on to say:
 "We think the words `back taxes' as used in the amended section have reference to delinquent corporation, merchant, license, and railroad taxes and that it was intended by the amendment to allow the ex officio county collectors the same commission for collecting said delinquent taxes as allowed for collecting current corporation, merchant, license, and railroad taxes. In effect, the amendment provided a commission of 2 per cent. for collecting either current or delinquent corporation, merchant, license, and railroad taxes. If so, the words `delinquent taxes' as used have reference to the taxes returned delinquent by the township collectors. We are confirmed in this view by the separate procedure provided in the general revenue laws for the assessment and collection of taxes against railroads. . . ." (Emphasis added)
Thus, translating this judicial decision into current law, the ex officio collector is entitled to three percent commission on all collections of current corporation taxes, licenses, merchants' tax, and tax on railroads and three percent commission on collections of all delinquent corporation taxes, delinquent licenses, delinquent merchants' tax, and delinquent tax on railroads and two percent on all "other" delinquent taxes, that is, personal property taxes and real estate taxes. The ex officio collector is not entitled to five percent commission on delinquent taxes of any nature.
We believe that this view is supported by the statutes set out above and the court decision. We note that Section 54.280
is worded similarly to Section 12312, RSMo 1929. We note that Section 151.170, RSMo 1969, and Section 151.180, RSMo Supp. 1975, are similar to Sections 11030 and 11032, RSMo 1929. Essentially, the statutory process regarding the collections of current and delinquent taxes by county collectors and ex officio collectors has not changed since 1929. Nor has the collection of certain current taxes by township collectors been changed.
In 1953, this office had occasion to consider whether an ex officio collector in a county under township organization is entitled to only two percent for collecting delinquent taxes returned by township collectors. It was the opinion of this office at that time in Opinion No. 62 issued April 25, 1953, to Miller, that the ex officio collector in counties of the third and fourth class under township organization would be entitled to a commission of only two percent with regard to collecting and paying over delinquent taxes as returned by the township collector.
Your opinion request says that ex officio collectors have been charging five percent commission on all delinquent taxes regardless of the nature for over twenty years. The argument could be made that the legislature has manifested this intent consistent with the interpretation by ex officio collectors in that there has been no substantial revisions on this issue with regard to Sections 54.280
and 54.320 over the past twenty years. However, this flies in the face of a Supreme Court case which has interpreted and declared the legislative intent.
With regard to your second question, it appears that if a telephone company pays taxes on a current basis while another telephone company pays its taxes after they become delinquent in a township organization county, the ex officio collector's commission is three percent of the tax collected and paid over. Section54.320 appears to be abundantly clear on that point.
Regarding the collecting of current railroad taxes, you have asked whether an ex officio collector is entitled to a commission on one percent under Section 151.280 or three percent under Section54.320. It should be noted that Section 151.280 is in regard to fees collected by county collectors. This provision of law specifically relates to the commissions or fees of a county collector, not those of ex officio collectors.
Section 54.280 vests in the ex officio collector the same power to collect delinquent taxes on railroads and to prosecute for and make sale thereof as is now vested in the county collectors under the general laws of this state. Section 54.280 makes no reference to commissions or fees of the ex officio collector. On the other hand, Section 54.320 specifically prescribes that the ex officio collector is entitled to a commission of three percent on the collection of current or delinquent taxes of railroads. This is further consistent in our view with the above-cited case of State ex rel. Davidson v. St. Louis-San Francisco Ry. Co.
With regard to your final question, you have asked whether, prior to the enactment of Section 54.320, wherein Sections 52.260
and 52.270 were repealed and reenacted with revisions, an ex officio collector was entitled to compensation under subparagraphs (14) and (15) of Section 52.260, RSMo 1969. It appears in Section 52.270, RSMo 1969, that no collector or ex officio collector
in the classification indicated in subparagraphs (1) to (13) of Section 52.260 was allowed to retain commissions and fees provided thereby in any one year in excess of the specified amounts. Then in paragraph 2 of Section 52.270, RSMo 1969, reference is made to the collector of revenue in any county within the classification of subparagraph (14) of Section 52.260. The question is whether or not the words "collector of revenue" included both county collectors and ex officio collectors. Apparently, it did not include ex officio collectors. This is manifest from the changes in Section 52.270.1 and .2 in House Bill No. 265. In Section 52.270.1 the language "ex officio collector" was specifically eliminated. The maximum fees for ex officio collectors are now set out in Section 54.320. Further, in Section 52.270.2 there is no further reference or changes with regard to the words "collector of revenue." Thus, it would appear prior to the enactment of Section 54.320 that subparagraphs (14) and (15) of Section 52.260
did not apply to ex officio collectors. Moreover, it appears that whenever the state legislature desired to define collector in terms of ex officio collector, the legislature did so specifically. This is important in considering that the ex officio collector in township organization counties is the county treasurer. Thus, the legislature has been careful to make specific distinctions and references when speaking of ex officio collectors and collectors of revenue namely county collectors other than ex officio collectors.
CONCLUSION
It is the opinion of this office that under Section 54.320, RSMo Supp. 1975, an ex officio collector is entitled to:
A. Three percent commission on the collection and paying over of all current or delinquent corporation, merchants' tax, license, and tax on railroads and is entitled to a two percent commission on the collection and paying over of all other delinquent taxes.
B. Three percent commission on the collection and paying of taxes of a telephone company regardless of whether the company pays on a current basis or pays delinquent taxes.
It is the further opinion of this office that Section 151.280, RSMo 1969, does not apply to the commissions of ex officio collectors and that Section 52.260 (14) and (15), RSMo 1969, did not apply to an ex officio collector.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General
Enclosure: Op. No. 62 4-25-53, Miller